THOMAS E. BERRY, *et al.*, VS. GEORGE SMITH, *Sheriff.*

1. INSTRUCTION—*Exception*—Unless an exception is saved to the giving of an instruction, as provided by § 19, p. 842, Statutes of 1890, it is not error for the court to overrule a motion for a new trial, and to set aside the verdict of the jury, assigning the giving of such instruction as erroneous, notwithstanding the law may be incorrectly stated in such instruction.

2. MOTION FOR A NEW TRIAL—*Affidavits*—An affidavit in support of a motion to set aside verdict of the jury and for a new trial, alleging disqualification of a juror, by reason of an alleged expression of opinion as to the merits of the case before the trial, is insufficient if it fail to show that the rights of the aggrieved party have been prejudiced, and such party did not have full knowledge of such facts when the jury was empaneled, and full opportunity given to challenge the juror for cause or peremptorily, and this especially in the absence of said juror's *voir dire*.

3. SAME—Affidavits found in the records will not be considered in support of an assignment of error in a motion for a new trial and to set aside the verdict of the jury, unless such affidavits are in some manner attached to such motion as an exhibit, or designated in the case made or bill of exceptions as having been used in support of the motion.

4. INSTRUCTION—*Evidence Not a Part of Record*—When a question of fact is submitted to a jury and the evidence is not made a part of the record on appeal, the question of error in giving instructions to the jury as to such facts will not be considered unless such instructions are clearly inapplicable to any state of facts, and exception thereto has been properly saved.

5. PLEADINGS—*Evidence*—When an appellant assigns as error that the court permitted evidence to go to the jury whether the sale and purchase of property involved was made to defraud creditors, for the reason that no such issue was made by the pleadings, the question will not be considered unless it appears that exception was taken thereto in due form, and such evidence introduced on the trial, made a part of the record, that the appellate court may determine whether the evidence was inadmissible under the pleadings.

*Error from District Court of Cleveland County.*

On the 21st day of November, 1891, Thomas E. Berry and A. A. Berry, partners, doing business, as Berry Bros., in the town of Norman, filed their complaint in replevin in the probate court of Cleveland county, to recover possession of a stock of confectionery, taken by George Smith, as sheriff of said county, under and by authority of a writ of attachment, sued out of the probate court by plaintiff, in the case of *W. A. Mounts & Co.*, *vs. W. H. Fergerson*, an insolvent debtor. From the probate court the case was

appealed to the district court and judgment rendered for the defendant, for the return of the property, or its value in case the return thereof could not be had.

From this judgment the plaintiffs appeal. Judgment of the court below affirmed.

*Berry & Hess* and *Amos Green & Son* for appellants.

*Leslie. P. Ross* and *Herod & Widmer* for appellee.

The opinion of the court was delivered by

SCOTT, J.: This action was first commenced in the probate court of Cleveland county, and in course of litigation appealed to the district court, and tried *de novo*, Judgment was rendered upon such verdict, which verdict reads as follows:

"We, the jury, duly empaneled and sworn to try the above case, do, upon our oaths, find for the defendant, and find the value of the property sued to be $150."

The record being so incomplete and imperfect, it is difficult for the court to determine to what extent consideration should be given to any of the points raised. After the verdict, the court below next seems to have entertained a motion to set aside the verdict and for a new trial. No date of the filing of the motion is disclosed, but, in rendering judgment, the court overruled it and an exception appears to have been saved in regular form. No other exceptions were taken, either to the instructions of the court, or any question during the progress of the trial. The motion is based upon nine alleged errors, the principal one affecting the present status of this case being instruction No. 9, which reads:

"If you find for the defendant, you will also find the value of the property taken from the defendant under the writ of replevin."

The objections to the other instructions, viz.: Nos. 3, 3½, 4, 5, 6, 7 and 8, even if exceptions had been

properly saved at the time they were given, are not well founded, at least in the absence of the evidence, which is not made a part of the record.

The court refused two instructions offered by the plaintiff, but no exception was taken to the refusal of the court to give them, and this point will not be entertained. Hence, with this view expressed, no objections raised to any of the instructions will be considered except instruction No. 9 above recited, and this one only to the extent useful to convey the reasoning of the court upon the omission of the appellant to properly present the questions involved by the exceptions necessary to entitle him to a saving of the alleged errors of the lower court. The only exception properly saved is embraced in the order of the court overruling the motion to set aside the verdict, and for a new trial, and this one only raises the point of the sufficiency of the proof by affidavit under the third paragraph of the motion, which reads:

"That Juryman Noland has talked and conversed with a witness in the case before said trial, and expressed himself." (See affidavit.)

The affidavit is short, and reads:

"W. H. Fergerson, of lawful age, being duly sworn, upon his oath, says that he talked with one Tony Noland with reference to his case shortly after the attachment in question was run; that the said Noland expressed himself in regard to the matter at the time; that the said Noland was a juror upon said case."

The affidavit is too indefinite to require serious attention. It does not appear that the rights of either party have been prejudiced on account of the alleged expression of opinion by the juror, before the trial. Neither does it appear that the appellants had not full knowledge of all the affidavit contains when the jury was empaneled and full opportunity given them to challenge the jurors for cause, or peremptorily.

Taking this view, the court is of the opinion that the proof is entirely insufficient to support paragraph 3 of the motion, especially in the absence of the juror's *voir dire*.

Two more affidavits are submitted in the record, presumably in support of paragraph 4 of the motion, but are not attached as an exhibit or in any manner designated or distinguished in the record as having been considered in support of the motion.

If it were proper even for the court to entertain the affidavits, under such circumstances, they could not be considered seriously enough to reverse the lower court without the entire record before us; hence, we think, the motion was properly overruled.

Judgment was rendered on the verdict, omitting immaterial parts, as follows:

"Come now the parties, and the jury having returned their verdict herein in favor of the defendant, the court renders judgment thereon.

"It is, therefore, considered, ordered and adjudged by the court, that the defendant have return of the property described in the complaint or upon failure of plaintiffs to return the same, that he recover of the plaintiffs the sum of $150.00, found by the jury to be value thereof, and that the defendant recover of plaintiff his costs laid out and expended, and that execution issue therefor.

"JOHN G. CLARK, Judge."

This judgment follows out the theory of the court as indicated by instruction 9, hereinbefore set forth.

Section 19, p. 842, Statutes of 1890, clearly provides for exception to instructions, as follows:

"A party excepting to the giving of an instruction or the refusal thereof, shall not be required to file a formal bill of exceptions; but it shall be sufficient to write on the margin, or at the close of such instruction, 'refused and excepted to,' or 'given and excepted to,' which memorandum shall be signed by the judge and dated."

This was not done.    The only question then remaining is whether the court erred in rendering the judgment in the manner and form it did on the verdict, and if not as to whether this court can now consider this question in the absence of an exception to the form of the judgment or a proceeding of some nature to bring it properly before us.

We are clearly of the opinion that even this question cannot be considered.    It must follow the fate of all others.    Had these points been properly saved, the contention of the appellants that the instruction of the court that the defendant was entitled to recover the value of the property, if a return thereof could not be had, instead of the amount of the attachment liens and costs, would have had some force, provided the proof disclosed final judgment in the attachment case, so that the question as to the amount of the lien of the attaching creditor would not become an issue for trial and determination in the replevin suit.    In ·such event the case of *Chandler vs. Colcord*, 1 Okla. p. 276, and cases there cited, would have been squarely in point.

The record contains no such state of facts and the point relied upon by appellants in their assignments of error have not been properly raised.    It is unnecessary for us to discuss the question presented in the case of *Chandler vs. Colcord*, and relied upon by appellants, as to whether it is possible for the court to render an alternative judgment provided for by the statute, page 843, § 19, for exception was not saved to the instruction, and it is not error for the court to overrule a motion for a new trial, setting up the giving of an instruction as erroneous to which exception has not been taken.    As to whether the judgment was properly rendered upon the verdict, neither is that question properly before the court.

It follows, then, that the judgment must be affirmed

with instructions to the lower court for its enforcement as therein rendered.

By the court: It is so ordered.

All the justices concurring.