## EASTON v. BRANSON.

No. 19611.   Opinion Filed Sept. 23, 1930.

Darnell & LaRue, for plaintiff in error.

Ledbetter, Stuart, Bell & Ledbetter and A. G. Morrison & Sons, for defendant in error.

LESTER, V. C. J. This appeal is taken from a judgment rendered in favor of the defendant in error arising out of injuries received by the defendant in error on account of being struck by an automobile owned and operated by the plaintiff in error.

There are but two assignments of error urged on appeal by the plaintiff in error: First, the error of the court in submitting instruction No. 9. Second, refusal of the court to give instruction No. 1 requested by the defendant below.

It is contended by the plaintiff in error that the facts and circumstances of the case did not justify the court in giving an instruction on the doctrine of the last clear chance and that the instruction as given is erroneous; said instruction being as follows:

"If you find from the evidence that the defendant saw plaintiff before his car came

in contact with her, and that she at said time was in a perilous situation, and the defendant realized the same, and by the use of ordinary care could have prevented her injury, then you are instructed that it was the defendant's duty to use ordinary care at said time to prevent her injury, and if you believe from the evidence that defendant failed to use ordinary care at said time to prevent her injury you are instructed to find for the plaintiff, in case she was injured, even though you may find that she was guilty of contributory negligence, as that term is in these instructions defined."

The plaintiff in error at page 20 in his brief states:

"The court instructs the jury, 'if you find from the evidence that the defendant saw the plaintiff before his car came in contact with her,' etc. This is not the law of the last clear chance, as we understand it. The defendant must see the plaintiff in time so that by the use of ordinary care he could have prevented the accident or her injury. The court should have submitted to the jury the question of whether or not he saw her in time to have avoided the accident by ordinary care. The last clear chance doctrine does not apply unless the defendant actually discovers the perilous situation of the plaintiff in time that he may by ordinary care avoid the injury."

We think that instruction No. 9 is not subject to the objection made, for the court by said instruction informed the jury that if defendant saw the plaintiff before his car came in contact with her, and if she was in a perilous situation, and the defendant realized the same, and if by use of ordinary care he could have prevented her injury, then it was his duty to use ordinary care at said time to prevent her injury. We think the instruction substantially states the rule pertaining to the last clear chance.

It is also contended that the facts did not justify the submission of said instructions.

The record shows that the defendant testified that he was going at the rate of 20 or 25 miles per hour and saw the plaintiff at a distance of 60 feet and she was about one-third distance "out in the road," and that when he saw the plaintiff about one-third out in the road from the left side, he went in between the plaintiff and her husband, striking the plaintiff.

From the testimony of the witnesses and all the attendant circumstances, we do not think the court erred in submitting to the jury the court's instruction No. 9.

The plaintiff in error urges that the court erred in refusing to submit to the jury the following instruction offered by the defendant below:

"You are instructed that it was the duty of the plaintiff while traveling upon a highway of this state, afoot, at night, to make a vigilant use of her senses, in order to ascertain if automobiles or other vehicles were approaching her, and to avoid danger, and it was her duty to keep her facilities in active exercise and not to permit her attention to be diverted from the danger surrounding her, and this duty rested upon her at the time she was struck by the defendant's automobile."

An examination of this instruction will show that it relates to the degree of care to be used by the plaintiff. The court in instruction No. 4 defines contributory negligence, and in instruction No. 10 informed the jury that if the plaintiff was guilty of contributory negligence and that such contributory negligence was the proximate cause of her injury, she could not recover unless the jury found that the defendant discovered plaintiff in a place of peril and realized such danger and could have prevented injury to her by the use of ordinary care and failed to exercise such care.

We think the instructions of the court fully and fairly presented the law of the case to the jury under the evidence.

Judgment is affirmed.

MASON, C. J., and CLARK, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur.

HUNT and RILEY, JJ., absent.

Note.—See under (1) 20 R. C. L. p. 140 et seq.; R. C. L. Perm. Supp. p. 4844. (2) 14 R. C. L. p. 752; R. C. L. Perm. Supp. p. 3659; R. C. L. Continuing Perm. Supp. p. 560.