**HEALDTON OIL & GAS CO. v. REGNIER.**

No. 22246.   Dec. 18, 1934.

Rehearing Denied Jan. 14, 1935.

Simons, McKnight, Simons, Mitchell & McKnight, for plaintiff in error.

Sargent & Ross, for defendant in error.

PER CURIAM. On July 27, 1927, L. J. Regnier sued the Healdton Oil & Gas Company in the district court of Noble county for permitting salt water, crude oil, and base sediment from its wells to escape on its lease into a creek which heads on its lease and drains upon the premises of the plaintiff, polluting the water, and in ordinary floods is spread upon the land, destroying or reducing the fertility of a portion of it, in violation of the statute and in violation of an injunction granted by the same court in a suit between the same parties, making appropriate allegations for actual and punitive damages. There was judgment for the plaintiff for $2,100, from which defendant appeals, and contends that the court erred in excluding a receipt it offered in evidence dated November 16, 1925, and signed by the plaintiff, to Ozark Pipe Line Corporation, for $50 as damages in full to plaintiff's land resulting from the escape of "oil from the pipe line of said company prior to this date or of acts of its employees in removing or burning said oil." This was properly excluded. It does not appear when the damage was done by the pipe line company. It cannot be assumed that it was within the two-year period prior to the filing of the petition in this cause. Plaintiff offered to withdraw his objection if defendant should offer evidence to bring it within the two-year period. There is no evidence tending to show that the pipe line company or any one other than the defendant contributed to the injury complained of, nor does the receipt purport to release any one except the pipe line company. It was not competent to show a release of the defendant or to show part payment of plaintiff's alleged damage. Bland v. Lawyer-Cuff Co., 72 Okla. 128, 178 P. 885; Hammond v. Kansas, O. & G. Ry. Co., 109 Okla. 72, 234 P. 731.

It is next contended that the court erred in excluding evidence of the defendant as to the condition of its oil and gas lease after July 27, 1927. We cannot agree with this contention. A witness for plaintiff was asked on direct examination, "Did you observe the condition two weeks ago on Sunday on the Healdton oil and gas lease with reference to whether or not there was any

escape of oil, salt water, and other refuse?" The defendant objected and the court sustained the objection. The contention now is inconsistent with the defendant's contention then. The ruling in both instances was correct. Had it been erroneous, it was invited by the defendant. See Pettet v. Johnson (Wash.) 145 P. 955; L. & R. Ry. v. O'Nan's Adm'r (Ky.) 119 S. W. 1192.

It is next contended there was error in excluding the testimony of the witness Jensen as to the value of the land before and after the two-year period preceding the commencement of the action. The witness testified he had known the farm for a number of years, had passed by it numerous times, but had not been on it until the day before trial. Only a portion of the farm was involved, and that does not appear to be very close to the road. There was no reversible error in this ruling.

The defendant also contends it was error to permit the plaintiff to introduce in evidence the journal entry of an injunction order made prior to the said two year period in a suit in the same court between the same parties and represented by the same attorneys. The journal entry was not signed by the judge, but was by the attorneys for both parties. The plaintiff testified to the filing of the injunction suit, and his attorney stated they would introduce the record of that suit, whereupon the defendant waived indentification of the papers. The petition in that suit was then offered in evidence, which was objected to on the ground that it contained self-serving declarations and related to matters occurring more than two years before this suit was commenced. Plaintiff admitted the petition might be self-serving, and suggested that to simplify matters he would introduce only the journal entry, to which the court agreed. He then offered the journal entry and defendant objected "for the reason that it is incompetent, irrelevant, and immaterial, and does not tend to prove or disprove any issue in the case now before the court, and refers to conditions which existed prior to April 14, 1924, and is only offered in this case for the purpose of prejudicing the jury." Should the defendant, under the circumstances, be permitted to complain because the entire record was not introduced? Should it not have objected on that particular ground? What possible detriment has it suffered? The instrument was signed by both parties. We see no merit in this contention.

The evidence shows that plaintiff, more than three years before the institution of this suit, complained to the defendant about the pollution, and enjoined it instead of seeking damages at that time. The injunction really required the defendant to do nothing more than the statute already required of it. It created no greater duty, but it did show notice of injury from pollution, and a subsequent disregard of its duty, and there is some evidence to support a finding by the jury that it knowingly and willfully permitted the escape of the prohibited deleterious matters.

We cannot say from the record that the verdict was excessive.

Finding no reversible error, the judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of District Judge E. L. Richardson, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter the opinion, as modified, was adopted by the court.