## L. O. & H. L. STREET et al. v. ARNOLD.

No. 22131.    Jan. 29, 1935.

H. W. Patton and Loofburrow & Holcomb, for plaintiffs in error.

Hughes & Dickson, J. L. Griffitts, and B. F. Willett, for defendant in error.

PER CURIAM. The parties hereto occupy the same position in this court occupied by them in the trial court, and will be referred to herein as plaintiffs and defendant.

The action was filed in the district court of Harper county, Okla., on the 30th day of August, 1927, by L. O. & H. L. Street, a partnership composed of L. O. Street, H. L. Street, E. E. Cox, and Lilla M. Street, against the defendant, C. C. Arnold, for damages alleged to have resulted to plaintiff because of defendant's failure to comply with a written contract in words and figures, to wit:

"No. 166
"Buffalo, Oklahoma
"March 25th, 1927.
"L. O. & H. L. Street,
"I hereby sell you 600 bushels of No. 1 wheat to be delivered at your elevator at Buffalo on or before August 1, 1927, for 1.00 cents per bushel. Merchantable lower grades may be applied on this contract at the same published discounts as are applied for the same grade when sold to exporters for export.

"If I fail to make delivery as above specified you may extend the time of delivery, cancel the contract or buy for my account at our option.
"C. C. Arnold.

"The above is accepted this _____day of _____ 192_____. L. O. & H. L. Street, By Jim Litz."

The defendant admitted the execution of the contract, but denied liability thereon on the grounds that he had been released therefrom by an indorsement on a carbon copy thereof dated May 5, 1927, in the following words and figures:

"This contract Number 166, is fully released if our deal goes through on buying the elevator. L. O. and H. L. Street, By Jim Litz."

The transactions involved pertained to the operation and management of an elevator at Buffalo, Okla. In his answer, defendant pleaded said release, and alleged that the said Jim Litz owned some interest in said partnership, the exact nature and extent of which was unknown to him, and was the general agent and manager of said elevator business, and, as such, had full authority to release the contract sued on.

The case went to trial to a jury on the 12th day of September, 1930. A majority verdict in favor of defendant was returned on the 13th day of September, 1930, and the judgment appealed from was rendered thereon. Plaintiffs filed a motion for new trial, which was overruled on the 23rd day of September, 1930. The petition in error sets forth 14 specifications of error, all of which are presented to this court under four propositions.

The errors complained of in the first three propositions all have to do with the question of the sufficiency and competency of the evidence offered and admitted, in relation to the authority of Jim Litz to release defendant from said contract.

1. Plaintiffs objected to the introduction of certain testimony offered by defendant, tending to prove that Jim Litz was a member of plaintiffs' partnership in the operation of said elevator, but, in connection with the cross-examination of the defendant, C. C. Arnold, before the introduction of the evidence complained of, the plaintiff introduced a copy of a written partnership agreement, dated July 28, 1924, between L. O. Street, Jim Litz, and Charles A. Wallington, and a written dissolution of said partnership agreement, dated May 12, 1927, both of which instruments had been attached to defendant's first amended answer. He also introduced, in connection with the cross-examination of Jim Litz, a copy of a letter written by L. O. Street February 4, 1927, in which he advised Jim Litz that the note he had given in consideration of his interest in said partnership was long past due, and unpaid, and urged him to attend to the matter at once, pending a final audit of said elevator business, if he wished to further participate in the profits thereof.

After the introduction of said instrument, the defendant introduced the evidence complained of. One who complains that the trial court erred in admitting evidence, over his objections, must be able to show wherein said evidence was detrimental to his cause. Healdton Oil & Gas Co. v. Regnier, 170 Okla. 271, 39 P. (2d) 973. But he should not be heard to complain when he himself first introduced evidence of like character. However, we think said evidence was competent, under the issues of agency, for the reason that the implied authority of a partner, who has the management of a partnership business, to settle and compromise claims made in connection with the business, of which he is manager, and to execute releases therefor, results from his being agent for said partnership in the management of said business. Section 336, page 861, 47 C. J.

2. The jury found all issues in favor of the defendant, and the court is committed to the rule that where there is any competent evidence reasonably tending to support the verdict of a jury, it will not be disturbed upon appeal. Swindler v. Selby, 30 Okla. 294, 267 P. 471. This rule applies also to the finding of a jury upon a question of agency. Oklahoma Portland Cement Co. v. Anderson, 28 Okla. 650, 115 P. 767.

3. His fourth proposition goes to the alleged misconduct of the jury and prevailing party. In his motion for a new trial, relative to this specification of error, plaintiff states that the trial court recessed at 8 p. m., September 12, 1933, until 8 o'clock a. m., September 13th, and permitted the jury to separate; that one of the jurors was seen to get into an automobile with the defendant, C. C. Arnold, and witness, Jim Litz, and other parties. This motion for a new trial is verified, but is not sustained by affidavits as required in section 401, Okla. Stat. 1931, and no excuse is given therein for his failure to call the attention of the court to the alleged conduct of said juror on the morning of September 13th, when the trial of the case was resumed.

Under the provisions of section 401, Okla. Stat. 1931, a specification of error, in a motion for new trial, upon the ground of the misconduct of the jury, or prevailing party, must be supported by affidavits thereto attached, and said motion must, in addition to alleging facts showing him to have been prejudiced thereby, also show that he did not have knowledge of the alleged misconduct of the jury, or prevailing party, in time to present the matter to the court, before the rendition of the verdict. Thomas E. Berry et al. v. George Smith, Sheriff, 2 Okla. 345, 35 P. 576.

From an examination of the whole record, we conclude that the plaintiff had a fair trial, and that the judgment of the trial court should be affirmed, and it is so ordered.

The Supreme Court acknowledges the aid of Attorneys G. M. Barrett, T. G. Carr, and C. E. Dudley in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. G. M. Barrett and approved by Mr. Carr and Mr. Dudley, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.