## AULTMAN & TAYLOR MACHINERY CO. v. FUSS, Adm'r.

No. 10674—Opinion Filed May 16, 1922.

(Syllabus.)

1. **Appeal and Error—Preserving Grounds for Review—Overruling Demurrer to Petition.**

When a defendant desires to present to this court as error the overruling of a demurrer to the petition, it may be presented by two methods: First, saving the proper exception, and having the appeal lodged in this court within six months from the date of the order; second, by saving the proper exception and incorporating in the motion for new trial the error of the trial court in

overruling the demurrer, and perfecting his appeal to this court within six months from the date of overruling the motion for new trial.

**2. Executors and Administrators — "Alienation" of Assets of Estate—Action for Penalty—Statute.**

The term "alienate," as used in section 6324, Rev. Laws 1910, signifies the wrongful transfer of such property to another.

**3. Same.**

A party guilty of alienating the property of deceased after his death and prior to the time of the appointment of administrator is liable in damages to the administrator for twice the value of the property alienated.

**4. Same—Verdict—Sufficiency of Evidence.**

Record examined, and held, that the evidence is sufficient to support the verdict of the jury that the property had been alienated within the meaning of section 6324, Rev. Laws 1910.

**5. Same—Sufficiency of Instructions.**

Record examined, and held, the instructions submitted the question of facts to the jury under proper instructions, and there was sufficient evidence to support the finding of the jury, and the judgment will not be disturbed.

Error from District Court, Grant County; J. W. Bird, Judge.

Action by J. H. Fuss, administrator of estate of B. E. Smith, against the Aultman & Taylor Machinery Company to recover penalty for diversion of assets of estate. Judgment for plaintiff, and defendant brings error. Affirmed.

J. G. McKelvy and E. H. Breeden, for plaintiff in error.

C. S. Ingersoll, Sam P. Ridings, and A. C. Glenn, for defendant in error.

McNEILL, J. This action was commenced in the district court of Grant county by J. H. Fuss, administrator of the estate of B. E. Smith, against the Aultman & Taylor Machinery Company to recover damages for alienation of certain property belonging to the estate of B. E. Smith prior to the appointment of the administrator. The petition alleged that B. E. Smith died on the 14th day of April, 1917, and was the owner of a threshing machine of the value of $2,000; that on the 8th day of May, 1917, and prior to the appointment of an administrator of the estate of deceased, the defendant, through its authorized agent, took possession of and converted to its own use and alienated the threshing machine and delivered possession to J. T. Smith. It is alleged that the threshing machine was of the value of $2,000, and judgment is prayed for in the sum of $4,000. To this petition the defendant filed a demurrer, which was overruled by the court.

Thereafter the defendant filed an answer and cross-petition. The answer admitted that Smith died as alleged in the petition, that he was the owner of the property described in the petition, and alleged, further, that the property was not of the value to exceed $1,500, and at the time of the death of the deceased the defendant held a chattel mortgage on the same of more than $1,700; and further alleged that it felt itself insecure and found the property in control of J. T. Smith, a brother of deceased, and made a contract whereby Smith executed his note and chattel mortgage on the property as collateral security for the indebtedness of B. E. Smith. A copy of the agreement made with J. T. Smith was attached to the answer. The defendant for cross-petition alleged that B. E. Smith was indebted to the defendant on two promissory notes secured by chattel mortgage on the threshing machine, the total amount of said notes being approximately $1,900, and asked to have the mortgage foreclosed. The case was tried to a jury, and the verdict returned in favor of plaintiff and against the defendant for $1,558.50. Judgment was rendered on the verdict, and from said judgment the defendant has appealed.

For reversal the defendant presents numerous assignments of error. It is first contended the court erred in overruling the demurrer to the petition for the reason the petition failed to state facts sufficient to constitute a cause of action because the petition failed to allege the administrator had made a demand for possession of the property prior to bringing of suit. The plaintiff in error has waived this question, because it did not appeal within six months from the date of the order overruling the demurrer, nor did it incorporate as error the overruling of the demurrer in its motion for new trial. If this error had been presented in the motion for new trial, the same could be considered at this time. See Brooks v. Watkins Medical Co., 81 Okla. 82, 196 Pac. 956. This was not done, and the error cannot now be considered.

It is next contended there is no evidence to support the verdict or judgment of the court, because the evidence is insufficient to support a finding that the plaintiff in error had alienated or embezzled the property. The plaintiff in error contends the words "embezzle or alienate," as used in

section 6324, Rev. Laws 1910, mean the fraudulent taking or passing the possession of property, and must be so steeped in fraud as to place the property beyond the reach of the administrator, and thereby cause the same to be lost to the estate. The Supreme Court of California, in defining embezzlement and alienation as used in the statute of that state, which is almost identical with our statute, in the case of Jahns v. Nolting, 29 Cal. 508, stated as follows:

"To embezzle, as the term is employed in section one hundred and sixteen, is to fraudulently appropriate to one's own use, or conceal the effects of the estate which such person has in his possession; and to alienate, signifies to wrongfully transfer such property to another. Such embezzlement or alienation is a wrongful conversion of the property, for which an action of trover was maintainable at common law. An action of the nature of an action of trover may be brought by the administrator, without the aid of section one hundred and sixteen, against any person who has embezzled or alienated the personal property of the estate, prior to the grant of administration; and that section does not give a new right of action, nor create a remedy where one did not previously exist, but it merely increases the measure of damages, in case the tortious conversion has been committed at a particular time when the property is peculiarly exposed to loss—that is, the time intermediate the death of the deceased and the issuing of the letters of administration."

The above case has been followed and cited by courts of different states in several opinions, and correctly defines the term "alienation," and we know of no case holding to the contrary. A party who wrongfully takes possession of the property of a decedent after his death and prior to the time of the appointment of administrator, cannot pass title even if he does alienate the same. If he alienates the same and transfers the possession to a third party, this is all he can do, and it amounts to wrongful conversion and alienation of the property. Section 6324, Rev. Laws 1910, as held in the case of Jahns v. Nolting, supra, increases the amount of damages for such ⟨ wrongful conversion.

The evidence in this case disclosed about the following facts:

Smith, prior to the time of his death, had left a threshing machine close to Pond Creek on the farm of a party by the name of Adams. J. T. Smith, the brother of decedent, wrote the defendant in error regarding the machine. The agent of the plaintiff in error came to Grant county and entered into a written agreement with Smith. The agreement recites that J. T. Smith assumed the indebtedness of B. E. Smith, deceased, which indebtedness was evidenced by certain promissory notes, and J. T. Smith agreed to give his notes, which were to be held as collateral, and also a chattel mortgage to secure said collateral notes, the chattel mortgage on the threshing machine, which is the property claimed to be alienated. It also contains the following recital:

"The party of the second part (being J. T. Smith) accepts the machine where it stands and as it stands without any warranty of any nature on the same."

The agreement provides that the agreement shall not be binding until accepted by the company. The agent for the company, Mr. Bass, testified, in substance, that he dealt with J. T. Smith because he (J. T. Smith) wanted to take over the outfit and pay for it. So he turned it over to him, drew up the agreement and turned it over to him as far as the part of the company was concerned, and he turned it over to him by virtue of the agreement, and took a mortgage from J. T. Smith on the threshing machine to secure the indebtedness. Smith testified that he assumed the indebtedness of the company and after making the agreement he took possession of the property according to the company's instructions; that he took possession by virtue of the agreement with the company and had possession of the machine since said time and had been using the machine, and in fact at the time of the trial had paid the company a part of the notes executed by him.

The evidence further diclosed that B. E. Smith at the time of his death, had very little property, but owed some debts. Other creditors of B. E. Smith applied for letters of administration and had J. H. Fuss, who appears to have no interest in the controversy, appointed administrator. After being appointed, the administrator commenced this action for damages. The plaintiff in error contends that the agreement existing between the company and J. T. Smith must be construed by the court as to whether it amounts to an alienation. and cites the case of Bales v. N. W. Consolidated Milling Co., 21 Okla. 421, 96 Pac. 599. The administrator relies not only upon the contract, but the evidence offered by the plaintiff in error, to support the contention that this contract, together with the acts of the company and Smith, amounts to alienation and conversion of the property. The contract between J. T. Smith and the plaintiff in error is indefi-

nite. It is hard to tell what the written contract between Smith and the defendant company might be termed. The construction the parties placed upon it, according to the evidence of the agent of the company and by Smith himself, was that the company was transferring possession of this property to Smith and he was to take the property and use it and pay the company's indebtedness. The agent of the company stated that he was turning the property, or all their rights and interest in the property, to Smith. This presents a question of fact.

The court in instruction No. 7 advised the jury, in substance, if they found the effect and result of the acts and conduct of the company amounted to alienation of the property, it could not avoid the result of its acts or evade liability by applying any other name to said transaction. We think this was a proper instruction, and under these facts submitted the question to the jury as to whether the acts and conduct of the defendant company amounted to alienation. The jury by their verdict found the same amounted to an alienation. This court, in a long line of decisions, has announced the rule, if there was any evidence reasonably tending to support the verdict of the jury, the same will not be disturbed on appeal. We think the evidence sufficient to support a finding that the acts and conduct of the defendant amounted to an alienation of the property by the defendant to Smith.

It is next contended that the court erred in instructing the jury as to the amount of recovery if the plaintiff should recover. The plaintiff in error contends that the court should have advised the jury the amount of recovery would be the value of the property, less the amount of the lien upon said property, and then double that amount, and if the lien was more than the value of the property, the plaintiff could not recover. The statute is plain and unambiguous, and makes no reference to a lien, and the contention is contrary to the holding in the case of Litz v. Exchange Bank of Alva, 15 Okla. 564, 83 Pac. 790. The instruction of the court followed the statute, and was not erroneous. The court advised the jury that they could offset the amount of the lien of the defendant. This portion of the instruction is not questioned.

The other assignments of error refer to the other instruction of the court. An examination of the instruction discloses that the case was submitted to the jury upon proper instructions.

For the reasons stated, the judgment is affirmed.

PITCHFORD, V. C. J., and JOHNSON, MILLER, KENNAMER, and NICHOLSON, JJ., concur.