## McGRAW v. HILDEBRANT.

No. 11049—Opinion Filed April 10, 1923.

(Syllabus.)

1. **Evidence—Contracts — Parol Evidence Varying Writings.**

Where the agreement of the parties has been reduced to writing, the written contract cannot be contradicted, altered, added to, or varied by parol or extrinsic evidence.

2. **Appeal and Error—Review—Insufficiency of Evidence.**

Where there is no competent evidence reasonably supporting the verdict of the jury, such verdict and the judgment rendered thereon will be set aside on appeal.

3. **Same—Breach of Contract to Deliver Goods Sold.**

Record examined, and held, that the verdict of the jury is not supported by the evidence.

Error from County Court, Kay County; H. S. Burke, Judge.

Action by T. F. McGraw against L. S. Hildebrant for damages for failure to deliver goods sold. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

J. F. King, for plaintiff in error.

G. C. Campbell, for defendant in error.

NICHOLSON, J. This action was brought by the plaintiff in error, as plaintiff below, against the defendant in error, as defendant below, to recover damages alleged to have been sustained because of the failure of the defendant to deliver certain cane seed sold by him to the plaintiff under a contract reading as follows:

"This Memor Witnesseth that: L. S. Hildebrant of Newkirk township, Kay county, this day sells to T. F. McGraw, about 200 bushels of No. 3 or better cane to be delivered to the elevator of said T. F. McGraw at Newkirk, Okla., at $4.75 per cwt. Delivered as soon as he can thresh same. Said grain is now located on seller's place in said county. Paid by said T. F. McGraw on this contract $5.00. Evidenced by cash of even date.

"In Witness Whereof, the said parties have hereunto set their hands this 8th day of Jan., 1918.

"L. S. Hildebrant,
"T. F. McGraw."

The action was filed on March 23, 1918, and it is alleged in the petition that the plaintiff had repeatedly since January 8, 1918, demanded of the defendant that said cane seed be threshed and delivered in accordance with the terms of said contract, and though ample time and opportunity had been afforded the defendant to thresh and deliver said seed, he had failed, neglected, and refused so to do; and plaintiff prayed judgment for the sum of $305, the difference between the contract price of the seed and the value thereof at the time it should have been delivered.

The defendant answered, admitting the execution of the contract, and for a further defense alleged:

"That at the time of entering into the contract as above referred to, the expression, 'delivered as soon as he can thresh the same' was written into the contract in pencil, the said contract being upon a formal contract prepared and used by the plaintiff in the purchasing of grain, and at the same time that the said expression 'delivered as soon as he can thresh the same' was placed into the contract, the plaintiff and the defendant understood the conditions and circumstances, which were as fol-

lows: The defendant specialized in raising upon his farm thoroughbred kaffir corn for seed, which he contracts and sells for seed purposes only, and the plaintiff drove out to the farm of the defendant several times wanting to buy his cane seed, and at that time knew and was informed by the defendant that he could not thresh the cane seed at that time even if he could find a threshing machine, for the reason that he had no bins in which to place the same; that the defendant intended, and so informed the plaintiff, that he must thresh his kaffir corn first, and had only sufficient bin room to hold the said kaffir corn, and that he could not handle the cane seed if threshed, because of the liability of getting it mixed with the thoroughbred kaffir corn, to which plaintiff agreed and gave his consent.

" At the time of the entering into the said contract by the plaintiff and the defendant, the defendant asked the plaintiff when he expected him to thresh the cane seed, since there was no date entered on the contract when the same should be threshed and delivered; whereupon the plaintiff answered that it would be soon enough if it was threshed before seeding time, meaning in time to sow cane for the season of 1918, which would be about the first of June.

"That this defendant did proceed to thresh his kaffir corn and to grade and dispose of the same as soon as possible, and as soon thereafter as possible proceeded to thresh the cane seed in question; that the said cane seed was threshed on or about the 29th of March, 1918, which was as soon as the defendant could thresh the said cane seed, and the next day, to wit; the 30th day of March, 1918, he hauled the said cane seed to Newkirk and to the elevator of the plaintiff and tendered to him the cane seed, which the plaintiff refused to accept"

—and by way of counterclaim sought judgment against the plaintiff for the sum of $175, the difference between the contract price and the price at which he sold the seed.

A trial to a jury resulted in a verdict in favor of the defendant for the sum of $100, upon which judgment was entered, and to review which this proceeding in error was instituted.

The plaintiff moved to court to strike from the answer certain parts of the portion thereof quoted above, on the grounds that the same were irrelevant, immaterial, and an attempt to vary the terms of a written contract. This motion was by the court overruled, and of this action complaint is made. The plaintiff further complains of the action of the court in admitting incompetent, irrelevant, and immaterial testimony, and insists that the verdict

is not sustained by the evidence and is contrary to law.

In our opinion, the court should have sustained the motion to strike, as those portions of the answer at which the motion was directed were clearly an attempt to vary the terms of the written contract, and the court should also have sustained the plaintiff's objection to the evidence going to prove a different understanding or agreement than that embodied in the contract, for the general rule is that where the agreement of the parties has been reduced to writing, the written contract cannot be contradicted, altered, added to, or varied by parol or extrinsic evidence.

It appears from the evidence that the price of cane seed advanced soon after the contract was made, and kept advancing until it reached the price of $8 per 100 pounds on February 21, 1918, the day the defendant threshed his kaffir corn; that about a week prior to this, the defendant asked the plaintiff if he was going to hold him to the contract, and complained of the profit the plaintiff would make on the seed; that the plaintiff advised the defendant that he expected him to comply with the contract; that the defendant's kaffir corn and cane were stacked in the same yard, the stacks being located side by side, and could have been threshed on the same day; that the only reason that the defendant gave for not threshing the cane on February 21, 1918, was that he did not have sufficient bins in which to store it, though the plaintiff was anxious to receive the cane at any time, and on several occasions insisted on the defendant delivering it. The defendant failed and refused to have his cane threshed on this day, and permitted the threshing machine to be removed, and did not thresh the same until March 29, 1918, and after the plaintiff had brought this action. On March 30, 1918, he offered to deliver to the plaintiff one load of the seed, which was refused. It further appears that between February 21, and March 30, 1918, the price of cane seed had declined and the defendant sold a portion of the seed for $3 per 100 pounds. By the terms of the contract, the defendant agreed to deliver the seed as soon as he could thresh the same, and the evidence shows conclusively that he could have threshed it on February 21, 1918, but refused to do so, and this, in face of the fact that the plaintiff was insisting upon a delivery of the seed at that time. The fact that defendant offered to deliver the seed after this suit was brought can avail him nothing. It was his duty to deliver it as

soon as he could thresh it, and this he did not do.

It is clear to us that the verdict is not reasonably sustained by competent evidence, and that the judgment rendered thereon should be reversed, and the cause remanded for a new trial, and it is so ordered.

JOHNSON, C. J., and KANE, KENNAMER, BRANSON, and MASON, JJ., concur.