## COMMERCIAL INVESTMENT TRUST v. FERGUSON.

No. 14174—Opinion Filed Dec. 4, 1923.

(Syllabus.)

1. **Appeal and Error — Right to Review —Overruling Demurrer.**

The action of the trial court in overruling a demurrer to a petition, where the defendant has pleaded further, will not be reviewed by the court, unless it is presented to the trial court in a motion for a new trial.

2. **Same — Insufficiency of Petition — Assignment of Error.**

That the petition does not state a cause of action and is insufficient to support a verdict and judgment may be raised for the first time on appeal, but will not be considered unless a proper assignment is contained in the petition in error.

3. **Same — Necessity for Exceptions — Erroneous Instructions.**

Error in giving instructions will not be considered by the court unless exceptions were saved in the trial court, and no exceptions should be made to this rule, even where it appears that the verdict of the jury has been made to turn upon an erroneous charge.

Error from District Court, Harper County; Arthur G. Sutton, Judge.

Action by W. E. Ferguson against the Commercial Investment Trust. Judgment for plaintiff, and defendant brings error. Affirmed.

Keaton, Wells & Johnston and W. C. Lewis, for plaintiff in error.

D. P. Parker and Charles Swindall, for defendant in error.

COCHRAN, J. The only questions presented by the plaintiff in error on this appeal are the following: (1) Error in overruling defendant's demurrer to plaintiff's petition; (2) the pleadings are insufficient to support the verdict and judgment; and (3) error in instructing the jury. An examination of the record discloses that none of these questions are properly presented to this court for review. The alleged error in overruling the demurrer to the petition cannot be reviewed upon appeal because the action of the trial court in regard thereto was not set out in the motion for a new trial. The rule in regard thereto was announced by this court in Exchange Oil Co. v. Crews, 90 Okla. 245, 216 Pac. 674, in the second paragraph of the syllabus as follows:

"Where the defendant's demurrer to the petition is overruled and the trial court requests defendant to elect whether he will stand on the demurrer or will plead further, and the defendant asks for and is allowed time within which to plead further, held, that an appeal will not lie from the order overruling the demurrer, but if proper exceptions are saved and the action of the trial court in regard thereto is set out in the motion for a new trial, the action of the court in overruling demurrer can be reviewed upon appeal from the final judgment."

It is contended by the plaintiff in error that the petition did not state a cause of action and is insufficient to support the verdict and judgment, and that this question can be raised for the first time on appeal. Perry v. Snyder, 75 Okla. 24, 181 Pac. 147. This court has so held in numerous cases. but it has also been held that, in order to present this question for review, it is necessary that a proper assignment be contained in the petition in error. The petition in error in the instant case contains no assignment which presents this question, and that question is not presented for review. Gourley v. Williams, 46 Okla. 629, 149 Pac. 229.

The remaining contention, to wit, error in giving instructions, will not be considered by this court because no exceptions were saved to the giving of the instructions, and this court has consistently held that error in the giving of instructions will not be con-

sidered by this court unless exceptions were saved in the trial court. Fullerton-Stuart Lumber Co. v. Badger, 59 Okla. 135, 158 Pac. 376; Young v. Missouri, O. & G. R. Co., 44 Okla. 611, 145 Pac. 1118; Finch v. Brown, 27 Okla. 217, 111 Pac. 391; Taylor v. Johnson, 23 Okla. 50, 99 Pac. 645.

It is contended by the plaintiff in error that an exception should be made to the general rule above announced in accordance with the statement contained in 38 Cyc. 1809, as follows:

"But when the verdict of the jury has been made to turn upon an erroneous charge, and the judgment upon the merits is thus founded on error, the judgment will be reversed, although no exception was taken thereto."

We see no good reason for making an exception in this jurisdiction in such cases. Section 542, Comp. Stat. 1921, provides the manner of saving exceptions to instructions, and this court has consistently refused to consider alleged errors in the giving of instructions where no exceptions were saved, as it would be manifestly unfair to the trial court for a party to acquiesce in the giving of instructions until after an unfavorable verdict was rendered and then permit such party to complain of the instructions given.

It is our opinion that the judgment of the trial court should be affirmed, and it is so ordered.

JOHNSON, C. J., and KENNAMER, NICHOLSON, HARRISON and BRANSON JJ., concur.