## SHARUM et al. v. SHARUM.

No. 15002—Opinion Filed April 15, 1924.

(Syllabus.)

1. **Torts — Malicious Interference with Child's Rights Under Court Order.**

When an order has been entered by the district court requiring a father to pay into court the sum of ten dollars per week for the support of the child, such order is for the use and benefit of the child, although he is not a party to the suit, and a malicious interference by a third person with the enforcement of the order constitutes an actionable tort, for which the child may recover.

2. **Torts—Special Damage from Misdemeanor—Fraudulent Conveyances — Insufficiency of Petition.**

A petition which alleges that the grantee in a deed procured the same from the grantor with the intention of preventing the property from being used for the support and education of a child of the grantor does not state a violation of section 2177, Comp. Stat. 1921, when it is not alleged that the grantor made the conveyance for the purpose of hindering, delaying, or defrauding the plaintiff, but, on the contrary, alleges that the conveyance was made by the grantor for the benefit of such child.

3. **Divorce—Support of Child—Orders as to Amount.**

Under section 507, Comp. Stat. 1921, the district court may make an order for the custody and support of a minor child, when a divorce is granted, and when an order is entered directing the father of the child to pay a certain sum for the support of the child, who is delivered into the custody of the mother, the amount of the support required of the father is determined by the order of the court and its subsequent modification.

4. **Parent and Child—Right of Support—Duty of Grandfather.**

Section 8033, Comp. Stat. 1921, imposes on the father of any poor person, who is unable to maintain himself by work, to maintain such person to the extent of his ability, but does not impose on a grandfather the duty of supporting a minor dependent child of his indigent son.

5. **Action—Misjoinder of Causes of Action—Different Subjects of Action.**

A misjoinder of causes of action exists where a cause of action for breach of a contract to support by a grandfather is joined with a cause of action against the grandfather for the malicious interference with a right of support from the father made under an order of the district court, as the transactions are not connected with the same subject of action.

Error from District Court, Muskogee County; E. L. Kirby, Special Judge.

Action by Albert Sharum, a minor, by guardian and next friend, against A. H. Sharum. From order dismissing a portion of petition, plaintiff brings error. Reversed and remanded.

Neff & Neff, Harry G. Davis, and George Miller, Jr., for plaintiff in error.

Chas. G. Watts, Archibald Bonds, and Guy F. Nelson, for defendant in error.

COCHRAN, J. This action was brought by Albert Sharum, a minor, by his next friend, against A. H. Sharum, for the recovery of damages. The petition purports to state two causes of action. The first alleged that A. H. Sharum had contracted to support, maintain and educate Albert Sharum, a grandson, and that this contract had been breached by the defendant to the damage of the plaintiff in the sum of $30,000. The second cause of action alleged that the contract which was set out in the first cause of action, and by which the defendant obtained conveyances to certain property which had belonged to Julian Sharum, the father of the plaintiff, was fraudulently made and that the promises and agreements made by the defendant to support and educate the plaintiff were made in bad faith, and he had no intention of performing them at the time he made them. It was further alleged that the mother of the plaintiff commenced a suit against Julian Sharum on January 3, 1920, for the purpose or requiring that the property of Julian Sharum be devoted to the support of the plaintiff, and that A. H. Sharum, in order to prevent said property from being used for such purpose, fraudulently and maliciously procured a conveyance of the property from Julian Sharum to himself. It was further alleged that in April, 1920, a judgment was rendered in the district court of Muskogee county, ordering and directing Julian Sharum to pay into the court the sum of $10 per week for the support of the plaintiff, and that A. H. Sharum wrongfully and maliciously prevented Julian Sharum from complying with said judgment, and wrongfully and maliciously maintained Julian Sharum at his home and prevented him from earning money, and wrongfully retained said property, so that said judgment could not be enforced, and that Julian Sharum has never complied with said order.

It was further alleged that A. H. Sharum,

as the grandfather of the plaintiff, owed to the plaintiff the legal duty of maintaining and educating him, as the father of plaintiff, Julian Sharum, was the son of the defendant, and was unable to maintain himself or to support and educate the plaintiff. The plaintiff alleged that by reason of the facts set out in the second cause of action he was damaged in the sum of $30,000 actual damages, and $20,000 exemplary damages. A demurrer was filed to this petition and was overruled as to the first cause of action and sustained as to the second, on the ground that the second failed to state facts sufficient to constitute a cause of action. The plaintiff elected to stand on this cause of action as pleaded, and from an order dismissing that portion of the petition, has appealed to this court.

The plaintiff contends that the second cause of action states five separate theories, or, to be more accurate, that the second portion of the petition states five causes of action, to wit: First, that the defendant wrongfully and maliciously prevented Julian Sharum from complying with the court decree requiring Julian Sharum to pay into court for the support of the plaintiff the sum of $10 per week; second, that the defendant committed a misdemeanor, in that he was a party to a conveyance of real estate made for the purpose of defeating the object of a suit brought by the mother of the plaintiff to require said property, owned by Julian Sharum, to be used for his support; third, that the defendant maliciously prevented and interfered with Julian Sharum in the performance of the duty which he owed to the plaintiff; fourth, that the defendant as grandfather of the plaintiff owed the plaintiff the duty of maintaining and educating him, as the father of the plaintiff, who was responsible for his support and education, was unable to support him, and under section 8033, Comp. Stat. 1921, the defendant was under the duty to support his adult child, who was unable to maintain himself, and also the minor children of such adult child; fifth, that the defendant obtained a conveyance of the real estate from Julian Sharum, which could have been used to support the plaintiff, by fraudulent representations and promises.

We are of the opinion that the petition stated a cause of action for the malicious interference on the part of the defendant with the right of the plaintiff to obtain support by reason of the order of the district court of Muskogee county. It is contended by the defendant that this order for support is not a judgment, but is a temporary order subject to change by the district court, at such time as conditions warrant, and is an order in favor of the mother

of the plaintiff and not in favor of the plaintiff. While the plaintiff was not a party to the suit, the order of the court was made for his use and benefit, and he acquired a right under it to receive the sum ordered by the court to be paid into the court for his support. It is true that the order of the court was subject to change or modification, and that the plaintiff was not a judgment creditor of Julian Sharum, but he did have a right accruing by reason of the order, or any modification thereof. The petition alleged that the defendant maliciously interfered with this right by detaining Julian in his own home and prevented him from complying with the order of the court, and prevented him from earning money to comply with the order of the court, and fraudulently and maliciously procured the conveyance of all the property owned by Julian Sharum to the defendant for the purpose of interfering with the enforcement of the court decree. We are of the opinion that these allegations are sufficient to state a cause of action. Stebbins v. Edwards, 101 Okla. 188, 224 Pac. 714, and Soomwald v. Ragins, 32 Okla. 223, 122 Pac. 203.

The plaintiff insists that the second count states a cause of action on the theory that the defendant was guilty of a misdemeanor under section 2177, Comp. Stat. 1921, which is as follows:

"Any person who being a party to any conveyance or assignment of any real or personal property, or of any interest therein, made or created with intent to defraud prior or subsequent purchasers, or to hinder, delay or defraud creditors or other persons, and every person being privy to or knowing of such conveyance, assignment or charge, who willfully puts the same in use as having been in good faith, is guilty of a misdemeanor."

It is contended that the commission of a misdemeanor which causes special damage to any person constitutes an actionable tort, for which suit may be brought by the person injured, and that the petition in the instant case alleges that the defendant procured a conveyance of certain real estate from Julian Sharum, with the fraudulent intent of preventing the property from being used for the support and education of the plaintiff, to the special damage of the plaintiff. We are of the opinion that the petition does not allege facts constituting a misdemeanor under this section of the statute, as there is no allegation that the conveyance was made by Julian Sharum to the defendant for the purpose of hindering, delaying, or defrauding the plaintiff, but, on the contrary, the allegations of the petition show that Julian Sharum made the conveyance

in good faith, relying upon an agreement made by the defendant to support and educate the plaintiff. The conveyance was made by Julian Sharum for the benefit of the plaintiff, and not for the purpose of defeating his rights, and was not a violation of the above statute.

It is next contended that the petition stated facts sufficient to state a cause of action for the malicious interference with the right of the plaintiff to obtain support from his father. Under section 8033, Comp. Stat. 1921, it was the duty of both the father and the mother of the child to maintain him to the extent of their ability. Section 8025, Comp. Stat. 1921, provides that the parent entitled to the custody of the child must give him support and education suitable to his circumstances. Section 507, Comp. Stat. 1921, provides:

"When a divorce is granted, the court shall make provision for guardianship, custody, and support and education of the minor children of the marriage, and may modify or change any order in this respect, whenever circumstances render such change proper, either before or after final judgment in the action."

Where the parents are separated, the duty to support the child is on the parent entitled to the custody of the child, but until an order is made by a court of competent jurisdiction for the custody and support of the child, the child has the right to look to both parents for his support. When a divorce is granted, however, the court shall make provisions for the custody and support of the minor child, and an order made for the support of such child by a court of competent jurisdiction determined the extent of the duty of the parent not having custody of the child, subject to subsequent modification of such order by the court.

The petition does not allege who was entitled to the custody of the child, but does allege that an order was entered in the district court of Muskogee county requiring Julian Sharum to pay into court the sum of $10 per week for the support of such child in a suit brought by the plaintiff's mother for that and other purposes.

The petition does not disclose whether this order was entered in a divorce suit or whether the parents of plaintiff are divorced, but as section 507, supra, provides that the order for support shall be entered in a divorce proceeding, we presume that it was the intention of the pleader to plead an order for support made under the provisions of section 507, supra. If the legal duty of the father to support the child had not been determined by a court of competent jurisdiction, the plaintiff would be entitled to support from Julian Sharum, and any malicious interference with that right by the defendant would constitute an actionable wrong, but if a court of competent jurisdiction had entered an order determining the amount of support required of the father of the child, the plaintiff would have the right to have his father comply with the order, but would have no other right to support from him, and the malicious interference of the defendant with the right to receive the amount provided for by the order of the court would constitute an actionable tort, but the plaintiff would not have an action also for interference with the general right of the father to support the child.

It is next contended that the petition stated a cause of action, in that it alleged that the defendant was the grandfather of the plaintiff, and owed the legal duty of maintaining and educating the plaintiff, as he was a minor child of the son of the defendant, who was unable to maintain himself.

It is contended that section 8033 imposed upon the defendant the duty of maintaining Julian Sharum, who was unable to support himself, and since it was the duty of Julian Sharum to support his minor child, that this statute should be construed as requiring the defendant to maintain his indigent son and also his minor dependent children. The duty of the defendant in this regard is determined by the statute, and the statute imposes a duty on the father to support an adult son who is unable to maintain himself by work, but does not impose upon him the duty to maintain the minor dependent children of such adult son. In the instant case, if the mother had the custody of the child, it was her duty to support him, assisted by the support ordered by the district court to be furnished by Julian Sharum. If both the father and the mother of the plaintiff were unable to maintain themselves, the duty to furnish support for such persons is fixed by section 8033, supra, but there is no more reason for saying that the defendant, as the father of Julian Sharum, was liable for the support of the plaintiff as a dependent child of his indigent son, Julian Sharum, than to say that the mother or father, or brothers, or sisters, of the plaintiff's mother were liable for the support of such child. This minor, perhaps, has a number of relatives who are related to him as closely as the defendant, and who would be under the same moral obligation to support him as the defendant, and none of them would be under any legal obligation to support him, unless the duty is imposed by statute. The statute imposes

a duty on the parent to support his indigent child, but does not impose the duty of supporting a grandchild, and no such legal duty exists in this state.

It is next contended that the petition stated a cause of action because of the alleged fraudulent promises made by the defendant in procuring a conveyance of certain real estate from Julian Sharum. The substance of the allegations of the petition in this connection is that the defendant obtained a conveyance of said real estate from Julian Sharum upon a promise made to Julian Sharum to support the plaintiff, the minor child of Julian Sharum and that such promise was made in bad faith with no intention of performing the same; that Julian Sharum relied on the promises so made and executed the conveyance by reason thereof. The plaintiff had no interest in this transaction and was not a party to the conveyance. If Julian Sharum had been under a legal duty to support the plaintiff, he could have used the property which he conveyed to the defendant for the support of the plaintiff, but the plaintiff had no interest in said property or right to control its disposition. Plaintiff's right against the defendant, if any, grew out of the contract which was made, by which the defendant agreed to support him, and not out of the alleged fraud in procuring the conveyance.

For the reasons stated, it is our opinion that the second count of the petition stated a cause of action for a malicious interference with the right of the defendant, under the order of the district court of Muskogee county, requiring Julian Sharum to furnish support for such child, but failed to state a cause of action upon any of the other theories advanced by the plaintiff.

The demurrer of the defendant challenges the sufficiency of the petition because several causes of action were improperly joined in the same petition. The trial court did not sustain the demurrer on that ground, but on the ground that it did not state facts sufficient to constitute a cause of action. However, we have been asked to determine whether there is a misjoinder of causes of action in the petition. According to the views above expressed, the first cause of action is for a breach of contract to support the plaintiff, and the second cause of action is for malicious interference with the plaintiff in his right to obtain support under the order of the district court of Muskogee county. Section 266, Comp. Stat. 1921, provides:

"The plaintiff may unite several causes of action in the same petition, whether they be such as have heretofore been denominated legal or equitable, or both, where they all arise out of any one of the following classes: First. The same transaction, or transactions, connected with the same subject of action. * * *"

The two causes of action do not arise out of the same transaction, so it remains to determine whether the two causes of action arise out of transactions connected with the same subject-matter. A full and comprehensive discussion of this question, and what is meant by "transactions connected with the same subject of action," is found in Stone v. Case, 34 Okla. 5, 124 Pac. 960. In that case the court said:

"It will be observed that although this statute contains the language 'for the enforcement or protection of a right,' yet the central idea of the entire definition is the redress sought for an infringement of the right—the relief for the wrong done to the right. This right and its infringement is what the action is about. It is the subject of the action. The primary right is an element of the subject of action, and its infringement is an element of the cause of action; but each term requires an additional component element to make it complete. The primary right and the wrong are the elements of the subject of action. The wrong and the right to redress are the elements of a cause of action. There can be no cause of action, unless there is a wrong for which redress is afforded. Nor can there be a subject of action unless there is a right and a wrong done to it."

The plaintiff states that the subject of action in the instant case was a failure of the child to obtain support and maintenance, and that all the transactions set up in the petition were in connection with the same general subject-matter. With this contention we cannot agree. The subject of action in the one instance is the right to receive support from the grandfather and the infringement of that right by the defendant breaching the contract. The cause of action consisted in the breach of the contract, and the right to redress for such breach. In the other instances the subject of the action consisted in the right to receive support from the father of the plaintiff in accordance with the order of the district court of Muskogee county, and the infringement of this right on the part of the defendant in maliciously interfering with such right. The cause of action, in the second instance, consisted of the malicious interference with a legal right, and a right to redress therefor. Under the first cause of action the plaintiff is entitled, if at all, to the amount due him for reasonable support under the provisions of the contract. Under the second cause of action the amount of recovery is limited to the damage inflicted by reason of the interference with the right of the plain-

tiff to receive the support ordered by the district court or which might be ordered in a modification thereof.

It is our opinion, therefore. that the causes of act'on stated in the petition are not in connection with the same subject of action, and cannot be properly joined.

The judgment of the trial court is reversed, and the cause remanded, with directions to proceed further in accordance with the views herein expressed.

JOHNSON, C. J., and McNEILL, NICHOLSON, HARRISON, and WARREN, JJ., concur.