## SHARUM v. SHARUM.

No. 16507—Opinion Filed May 25, 1926.

Rehearing Denied June 22, 1926.

(Syllabus.)

1. **Appeal and Error—Reserving Error in Overruling Demurrer to Petition— Necessity for Motion for New Trial.**

The action of the trial court in overruling a demurrer to the petition, where the defendant has pleaded further, will not be reviewed by this court unless it has been presented to the trial court in a motion for new trial.

2. **Appeal and Error—Sufficiency of Evidence—Conclusiveness of Verdict.**

In law actions, where disputed questions of fact are submitted to a jury, the jury's verdict and the judgment rendered thereon will not be disturbed on appeal where there is any evidence reasonably tending to support the same.

3. **Trial—Sufficiency of Instructions in Entirety.**

It is not necessary for each separate instruction to embody every fact or element essential to sustain or defeat an action, nor is it necessary for each separate instruction to cover the entire case. If the different instructions, taken together and considered as a whole, fairly present the law of the case, and there is no conflict between the different paragraphs thereof, this will be sufficient.

4. **Same—Refusal of Requested Instructions.**

Where, on the whole, the instructions given substantially and correctly cover all questions of law necessary to fairly present the case to the jury, it is not error to refuse instructions requested by one of the parties, although they may state the law correctly.

Appeal from District Court, Muskogee County; Harve L. Melton, Judge.

Action by Albert Sharum, a minor, by Winifred C. Brown, his guardian, against A. H. Sharum. Judgment for plaintiff, and defendant appeals. Affirmed.

Watts & Broaddus, Archibald Bonds, and Guy F. Nelson, for plaintiff in error.

Neff & Neff, Harry G. Davis, and George Miller, Jr., for defendant in error.

PHELPS, J. This cause comes here from the district court of Muskogee county. It was filed in that court by Albert Sharum, a minor, by his guardian, against A. H. Sharum, his paternal grandfather. In the petition it is alleged that Julian Sharum, the father of plaintiff and the son of defendant, was under the domination and completely subject to the control of defendant in doing whatever defendant directed him to do, and being under such control and direction of defendant, was maliciously prevented by defendant from providing any support or maintenance for plaintiff as he was legally obligated to do; and that the district court of Muskogee county, upon the suit of the mother of plaintiff, ordered said Julian Sharum to pay $10 per week for the support of the plaintiff and that defendant wrongfully and maliciously prevented the father of said plaintiff from complying with said judgment, resulting in plaintiff failing to receive enough to eat or proper clothes to wear, which stunted his growth and rendered him small of stature, and he suffered from hunger and cold and was deprived of the companionship and association of his mother, which the payment of the judgment and the proper support by the father would have furnished him, resulting in his damage in the sum of $30,000, for which amount he prayed, together with $20,000 exemplary damages because of the malice, oppression, and fraud on the part of the defendant in preventing the father of said plaintiff from paying said amount ordered to be paid and to properly support plaintiff.

The cause was tried to a jury, resulting in a verdict in favor of plaintiff in the sum of $16,875, which the trial court ordered reduced to $12,000, for which amount judgment was rendered, to reverse which this appeal is prosecuted.

To plaintiff's second amended petition upon which the case went to trial, the defendant interposed a demurrer, which was by the court overruled, which ruling is assigned as error and discussed in the briefs of defendant, who appears here as plaintiff in error, and it is urged that the judgment should be reversed for the reason that the court erred in overruling the demurrer, alleging that such second amended petition does not state facts sufficient to constitute a cause of action against the defendant. However well founded this assignment of error might otherwise have been, under the well-settled law in this state plaintiff in error is precluded from presenting that question here for the reason that he did not present it to the trial court in his motion for a new trial.

In Aultman & Taylor Machinery Co. v. Fuss, 86 Okla. 168, 207 Pac. 308, in the first paragraph of the syllabus thereof this court said:

"When a defendant desires to present to this court as error the overruling of a demurrer to the petition, it may be presented by two methods: First, saving the proper exception, and having the appeal lodged in this court within six months from the date of the order; second, by saving the proper exception and incorporating in the motion for new trial the error of the trial court in overruling the demurrer, and perfecting his appeal to this court within six months from the date of overruling the motion for new trial."

The demurrer to the second amended petition was overruled on the 3rd day of October, 1924, and the appeal was filed in this court on June 13, 1925. Therefore, since neither method was invoked, that assignment of error cannot be considered here. This rule was followed in Commercial Investment Trust v. Ferguson, 96 Okla. 163, 220 Pac. 925, when in the first paragraph of the syllabus this court said:

"The action of the trial court in overruling a demurrer to a petition, where the defendant has pleaded further, will not be reviewed by the court, unless it is presented to the trial court in a motion for new trial."

Also, this is the second time this cause has been before this court. When the original petition was filed in the district court, a demurrer was sustained to the second cause of action; plaintiff elected to stand upon the demurrer and appealed to this court, and in the opinion, 101 Okla. 273, 225 Pac. 682, this court said:

"We are of the opinion that the petition stated a cause of action for the malicious interference on the part of the defendant with the right of the plaintiff to obtain support by reason of the order of the district court of Muskogee county."

And in the first paragraph of the syllabus, said:

"When an order has been entered by the district court requiring a father to pay into court the sum of $10 per week for the support of the child, such order is for the use and benefit of the child, although he is not a party to the suit, and a malicious interference by a third person with the enforcement of the order constitutes an actionable tort, for which the child may recover."

It is further contended by plaintiff in error that the verdict of the jury and the judgment of the court rendered thereon are not supported by the evidence, and that the trial court erred in overruling the demurrer to the evidence, and in support of this contention, counsel for plaintiff in error cite City of Duncan v. Tidwell, 48 Okla. 382, 150 Pac. 112; McGraw v. Hildebrant, 89 Okla. 140,

214 Pac. 688; Gardner Petroleum Co. v. Looper, 105 Okla. 297, 232 Pac. 949; Oklahoma Union Ry. Co. v. Houk, 109 Okla. 187, 235 Pac. 499. These authorities, however, merely hold that in the absence of evidence reasonably tending to support the verdict and judgment, it is the duty of this court to reverse the same. With this doctrine we find no fault, for that is unquestionably the settled rule of law in this state; but it is equally well-settled that where disputed questions of fact are submitted to a jury, the jury's verdict and the judgment rendered thereon will not be disturbed by this court where there is any evidence reasonably tending to support the same, and a careful examination of the briefs and record in this case leads us to the conclusion that the latter is the rule applicable to the facts here.

It is further contended by plaintiff in error that the court erred in giving certain instructions to the jury and in refusing to give other instructions submitted by plaintiff in error. A careful examination of all the instructions given and those refused leads us to the conclusion that, altogether, this assignment of error is without merit.

In Hope Natural Gas Co. v. Ideal Gasoline Co., 114 Okla. 30, 243 Pac. 206, this court had under consideration the sufficiency of the instructions given and the alleged error of the court in refusing to give certain instructions offered, and the authorities cited in that opinion holding that:

"Where the instructions, taken together and considered as a whole, fairly present the law of the case, and there is no conflict in the different paragraphs thereof, this will be sufficient"

—are applicable with equal potency here.

It is also the well settled law of this state that, where the instructions given by the court fully and fairly cover the questions suggested in the requested instructions, it is not error for the court to refuse to give specific instructions where the same subject-matter is fairly covered by the general instructions. Chase v. Cable Co., 67 Okla. 322, 170 Pac. 1172; Pioneer Telegraph Co. v. Davis, 28 Okla. 783, 116 Pac. 432.

The judgment of the trial court is therefore affirmed and judgment here rendered on the supersedeas.

NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON, LESTER, HUNT, and CLARK, JJ., concur.

Note.—See under (1) 3 C. J. p. 974 §870. (2) 4 C. J. p. 853 §2834; 2 R. C. L. p. 194;