## ANDERSON v. O'DELL.

No. 18251. Opinion Filed June 19, 1928. Rehearing Denied May 28, 1929.

Goode & Dierker, for plaintiff in error.

Chapman & Chapman, for defendant in error.

DIFFENDAFFER, C. This is an action brought by defendant in error, hereinafter referred to as plaintiff, against plaintiff in error, hereinafter referred to as defendant, and one Joe Brock. Brock was not served with summons, and is therefore not a party to this appeal. The action is one upon a note for more than $300, and of more than eight months' duration, and dated subsequent to the 10th day of March, 1927.

The petition is in the usual form, and does not allege the payment of the tax provided for in section 9608, C. O. S. 1921. A copy of the note was attached to the petition, and this copy did not contain the indorsement of the county treasurer showing the tax to have been paid. To this petition, defendant filed a demurrer setting up the objection that the petition did not state facts sufficient to constitute a cause of action in favor of plaintiff and against defendant. The demurrer also specifically challenges the sufficiency of the petition, for

the reason that the petition showed upon its face that the tax provided for in section 9608, supra, had not been paid. This demurrer was presented to the court on April 2, 1925, and overruled, defendant saving his exceptions. Thereafter, defendant filed his answer, which is a verified general denial. The cause was tried to a jury on September 27, 1926, and when the note was offered in evidence, it contained an indorsement of the county treasurer, dated May 26, 1925, showing the payment of the registration fee, and certifying that the note was exempt from all taxes for a period of two years from that date. At the close of the evidence, the trial court directed a verdict for plaintiff.

Defendant in due time filed his motion for a new trial setting up therein the following six causes:

"(1) Because the verdict and judgment is contrary to law. (2) Because the verdict and judgment is not sustained by sufficient evidence. (3) Because the court erred in admitting incompetent, irrelevant and immaterial testimony over the objection of this defendant, and to the great prejudice of this defendant. (4) Because the court erred in refusing to admit competent, relevant and material testimony offered by this defendant, to the great prejudice of this defendant (5) Because the court erred in overruling the demurrer of this defendant to plaintiff's testimony. (6) Because the court erred in directing a verdict for the plaintiff at the close of all the testimony."

The motion for new trial was overruled and judgment entered upon the verdict. From this order and judgment, defendant brings this appeal.

The petition in error contains, among other specifications of error, the following:

"That said court erred in overruling the demurrer of the plaintiff in error to the petition of the defendant in error, to which action of the court the defendant in error then and there excepted.

Defendant in his brief says:

"The said first specification of error, as set out in our petition in error, being as follows:

"(1) That said court erred in overruling the demurrer of the plaintiff in error to the petition of the defendant in error, to which action of the court the defendant in error then and there excepted.

"We hereby waive all other questions involved in this appeal except in so far as it is necessary for them to be passed upon in connection with this court passing upon the first ground set out in our specifications of error, namely: That the demurrer of the defendant to the petition of the plaintiff should have been sustained for the reason that said petition did not state that the registration tax provided by said section 9608, Compiled Statutes of 1921, had been paid upon the note sued on in this case, and shall present the case solely from that standpoint."

It will thus be seen that defendant waives every question other than the action of the trial court in overruling the demurrer to the petition.

We have set out in full the causes set up in the motion for new trial, and it clearly appears therefrom that the action of the trial court in overruling the demurrer to the petition is not included as one of the causes or grounds for a new trial.

In Sharum v. Sharum, 121 Okla. 53, 247 Pac. 97, this court said:

"To plaintiff's second amended petition upon which the case went to trial, the defendant interposed a demurrer, which was by the court overruled, which ruling is assigned as error and discussed in the briefs of defendant, who appears here as plaintiff in error, and it is urged that the judgment should be reversed for the reason that the court erred in overruling the demurrer, alleging that such second amended petition does not state facts sufficient to constitute a cause of action against the defendant. However well founded this assignment of error might othewise have been, under the well settled law in this state, plaintiff in error is precluded, from presenting the question here for the reason that he did not present it to the trial court in his motion for a new trial.

"In Aultman & Taylor Machinery Co. v. Fuss, 86 Okla. 168, 207 Pac. 308, in the first paragraph of the syllabus thereof this court said:

" 'When a defendant desires to present to this court as error the overruling of a demurrer to the petition, it may be presented by two methods: First, saving the proper exception and having the appeal lodged in this court within six months from the date of the order; second, by saving the proper exception and incorporating in the motion for new trial the error of the trial court in overruling the demurrer, and perfecting his appeal to this court within six months, from the date of overruling the motion for new trial.'

"The demurrer to the second amended petition was overruled on the 3rd day of October, 1924, and the appeal was filed in this court on June 13, 1925. Therefore,

since neither method was invoked that assignment of error cannot be considered here. This rule was followed in Commercial Investment Trust v. Ferguson, 96 Okla. 163, 220 Pac. 925, when in the first paragraph of the syllabus this court said:

" 'The action of the trial court in overruling a demurrer to a petition where the defendant had pleaded further, will not be reviewed by the court, unless it is presented to the trial court in a motion for new trial.' "

This being the only question presented by the brief, the language used by Mr. Justice Phelps, in Sharum v. Sharum, supra, is applicable in this case, and "However well founded this assignment of error might otherwise have been, under the well settled law in this state, plaintiff in error is precluded from presenting that question here, for the reason that he did not present it to the trial court in his motion for a new trial." It follows that the judgment should be affirmed.

BENNETT, HERR, HALL, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.