## GRAF PACKING CO. v. PELPHREY.

No. 25281. April 2, 1935.

Goode, Dierker & Goode and Chapman & Chapman, for plaintiff in error.

Reily & Reily, for defendant in error.

PER CURIAM. The defendant in error, Jesse Pelphrey, was plaintiff in the trial court, and the plaintiff in error, Graf Packing Company, was defendant therein. The petition of Jesse Pelphrey alleged, in substance, that he was live stock inspector for Pottawatomie county, Okla., and that, as such inspector, from the 22nd day of February to the 5th day of September, 1932, he inspected 3,086 head of live stock for Graf Packing Company, for which he was entitled to a fee of 25 cents per head, amounting to the total sum of $771.50, and prayed for judgment against said packing company in that sum. Said packing company demurred to said petition, which said demurrer was overruled and exceptions saved. It then filed a motion to make said petition more definite and certain, which was also overruled and exceptions saved.

Said plaintiff therein then filed an amendment to said petition, that he had earned the sum of $264 in fees for inspection of live stock for said company, since the filing of said original petition, and therein prayed for judgment in the total sum of $1,036. The packing company then filed an answer in which it denied, generally all allegations of said petition, as amended, and specifically denied that said plaintiff was inspector for Pottawatomie county, and that he inspected said live stock. In paragraph 5 of said answer, said company attacked the constitutionality of chapter 38, article 5, Act of the Thirteenth Legislature (1931) under which said plaintiff operated as such inspector. A demurrer to said paragraph 5 of said answer was sustained, and said company saved its exceptions. The action went to trial to a jury on the issues thus joined by the pleadings involving, as questions of fact, the appointment of Pelphrey as live stock inspector for Pottawatomie county, and the inspection of said live stock by him, which facts the jury found to be true.

1. The first question presented to this court on this appeal is the assigned error of the trial court in sustaining the demur-

rer of defendant in error to the fifth paragraph of the said answer of plaintiff in error. This assignment was not presented to the trial court as a ground for a new trial in the motion of plaintiff in error for a new trial. When a defendant desires to present to this court as error the sustaining of a demurrer to a portion of his answer, it should be presented by saving the proper exception and incorporating in the motion for a new trial the error of the trial court in sustaining said demurrer, and perfecting his appeal to this court within six months from the date of the overruling of the motion for new trial. Aultman & Taylor Machinery Co. v. Fuss, 86 Okla. 168, 207 P. 308; Commercial Investment Trust v. Ferguson, 96 Okla. 163, 220 P. 925; Sharum v. Sharum, 121 Okla. 53. 247 P. 97; Anderson v. Odell, 136 Okla. 296, 277 P. 637; Hopper v. Steward et al., 137 Okla. 228, 279 P. 354. See, also, Attaway v. Watkins, 171 Okla. 102, 41 P. (2d) 914.

2. The second question presented to this court, on this appeal, is the alleged error of the trial court in overruling the motion for new trial. The only argument presented under this assignment is that said inspector was not entitled to 25 cents per head, as provided for in section 8791, Okla. St. 1931, and should have been limited to the fees prescribed in section 8789, supra, but it suggests no authority whatever in support thereof. It is the rule in this state that where plaintiffs in error fail to set forth in their brief, as required by the rules of this court, an argument and citation of authorities in support of an assignment of error, it will be presumed that said assignment has been waived. Harrelson et al. v. Brown et al., 131 Okla. 267, 268 P. 731; Nolan v. Schaetzel et al., 145 Okla. 231, 292 P. 353; Mills v. Lester, 169 Okla. 344, 37 P. (2d) 261; McKee, Ex'x, v. Producers & Refiners Corp. et al., 170 Okla. 559, 41 P. (2d) 466.

3. The third question presented to this court, on this appeal, is the alleged error of the trial court in overruling the demurrer to the evidence of plaintiff. It is revealed by the record that, after the overruling of said demurrer, plaintiff in error put in its evidence, but did not move for a directed verdict after the parties had finally rested. If a defendant, after its demurrer to the evidence of the plaintiff has been overruled, does not stand upon the demurrer, but puts in its evidence, it waives the demurrer, and if it does not move for a directed verdict after the parties have finally rested, it cannot urge against an adverse verdict that the evidence was insufficient to establish a cause of action in favor of the plaintiff. Abraham v. Gelwick, 123 Okla. 248, 253 P. 84; Local Building & Loan Ass'n v. Hudson-Houston Lumber Co. et al., 150 Okla. 44, 3 P. (2d) 156.

4. The fourth question presented to this court, on this appeal, is the alleged error of the trial court in refusing to give certain requested instructions. Where the court gives an instruction correctly stating the law upon a given point, it is not error of the court to refuse to give a requested instruction substantially covering the same ground or involving the same question. Cole v. Ramsey, 124 Okla. 235, 254 P. 962; Drumright State Bank v. Westerheide, 124 Okla. 108, 254 P. 80; Beindorf v. Thorp, 126 Okla. 157, 259 P. 242; Easton v. Branson, 145 Okla. 99, 292 P. 39. Upon reading the record we find that the instructions given by the trial court substantially covered the points involved in the requested instructions.

5. The fifth and last question presented to this court, on this appeal, is the alleged error of the trial court in permitting the defendant in error to introduce certified copies of the records of the State Board of Agriculture of the reports filed therein by defendant in error of his inspection of said live stock. In objecting to the introduction of these records, the attorney for plaintiff in error said: "Our preliminary objection is that it is not shown that Pelphrey is appointed as an inspector." The individual record of defendant in error was properly introduced, of which the evidence objected to was merely corroborative. We have carefully read the entire record, and find that, in the absence of the evidence objected to, the other evidence offered by defendant in error is sufficient to sustain the verdict of the jury. The admission of incompetent evidence by the trial court will not warrant a reversal of a judgment supported by competent evidence, unless the court can say, upon an examination of the whole record, that a miscarriage of justice has resulted, or a statutory or constitutional right of the complaining party has been violated. Mutual Life & Accident Ass'n v. Moore, 162 Okla. 260, 20 P. (2d) 168. And one who complains that the trial court erred in admitting evidence over his objection must be able to show wherein said evidence was detrimental to his cause. Healdton Oil & Gas Co. v. Regnier, 170 Okla. 271, 39 P.

418

(2d) 973, and Street v. Arnold, 170 Okla. 389, 40 P. (2d) 1050.

Upon a careful examination of the whole record, we fail to find any error justifying a reversal of the judgment of the trial court, and said judgment is, therefore, affirmed.

The Supreme Court acknowledges the aid of Attorneys G. M. Barrett, R H. Stanley, and A. W. Trice in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Barrett and approved by Mr. Stanley and Mr. Trice, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY. BUSBY, PHELPS, and GIBSON, JJ., concur.