## TRANSCONTINENTAL INS. CO. et al. v. HOLLINGSWORTH.

No. 24451.   Oct. 8, 1935.

Rittenhouse, Webster & Rittenhouse, for plaintiffs in error.

Cheatham & Smith, for defendant in error.

RILEY, J. This is an appeal from a judgment in favor of defendant in error, herein referred to as plaintiff, on a fire insurance policy. The policy was for $750; $250 on dwelling house and $500 on household and personal effects located in said dwelling.

The petition alleged the issuance of the policy in favor of plaintiff as administratrix of the estate of J. M. Hollingsworth, deceased; that plaintiff paid the premium in the sum of $24; she further alleged that she was the owner of the insured property in her own right, and that the policy had been issued to her as administratrix through a misapprehension of the facts and a misunderstanding as to the true ownership of the property; that the building insured was at one time the joint and community property of plaintiff and her husband. J. M. Hollingsworth; that he died July 8, 1931, leaving plaintiff the sole owner of the community or jointly owned property; that the insured property was at all times the personal property of plaintiff.

The petition further alleged that L. W. Atteberry was the administrator of the estate of J. M. Hollingsworth, deceased, and that he claimed some interest in the cause of action, and was, therefore, made a party defendant.

The policy was issued August 22, 1931, and expired August 22, 1934. The petition alleged the total destruction of the property covered by the policy on January 18, 1932; alleged notice of loss on the same day; that within 30 days after the fire a representative of the insurance company came to the premises and adjusted the loss and offered to pay same in full and took from plaintiff a written statement and proof of loss; that the proof of loss and notice were in the possession of the insurance company and could not be attached to the petition; that the policy had been lost or destroyed and for that reason could not be attached to the petition, but that defendant company had a true and correct record thereof in its possession.

The insurance company filed a general demurrer to the petition, which was overruled.

Thereupon the insurance company filed its separate answer consisting of a general denial and affirmative allegations to the effect that the policy sued upon contained a clause making the entire policy void if the interest of the assured be other than the unconditional and sole ownership, or if the subject of the insurance be a building on ground not owned by the assured in fee simple, and further alleging that plaintiff was not the sole and unconditional owner of the property, and that she had no insurable interest whatever in the house, and that she was not the owner in her own right, or as the purported administratrix of the estate of J. M. Hollingsworth, of the land upon which the dwelling stood, and that said J. M. Hollingsworth had never been the owner thereof.

Atteberry, as administrator of the estate of J. M. Hollingsworth, answered by general denial and adoption of the answer filed by the insurance company, and alleging that the premium was paid out of money belonging to the estate of J. M. Hollingsworth, deceased, and claimed the right to the return of the premium tendered by the insurance company.

Plaintiff replied to both answers by separate general denials.

The cause was tried to the court without a jury, resulting in a judgment in favor of plaintiff, and defendants appeal.

It is first contended that the court erred in overruling the demurrer of the insurance company to the plaintiff's petition.

The contention is based upon failure of the petition to allege the value of the property.

Plaintiff contends that the question is not properly here for failure to present the questions in the motion for new trial.

In Commercial Inv. Trust v. Ferguson, 96 Okla. 163, 220 P. 925, it is held:

"The action of the trial court in overruling a demurrer to a petition, where the defendant has pleaded further, will not be reviewed by the court, unless it is presented to the trial court in a motion for a new trial."

Seven or more times since this court has held to the same rule. Smith v. Smith, 102 Okla. 70, 226 P. 368; Shaffer Oil & Refining Co. v. Thomas, 120 Okla. 255, 252 P. 41; Sharum v. Sharum, 121 Okla. 53, 247 P. 97; First Nat. Bank v. Orme, 125 Okla. 114, 256 P. 748; Deal v. Deal, 135 Okla. 87, 274 P. 19; Anderson v. O'Dell, 136 Okla. 296, 277 P. 637; Empire Gas & Fuel Co. v. Powell, 150 Okla. 39, 300 P. 788.

In reply defendant cites section 203, O. S. 1931, which provides that when defects do not appear upon the face of the petition, objection may be taken by answer; and if no objection be taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, except only the objection to the jurisdiction of the court, and that the petition does not state facts sufficient to constitute a cause of action.

Zahn v. Obert, 60 Okla. 118, 159 P. 298, is cited, wherein it is held that, under said section, objection to the jurisdiction of the court and that the petition does not state facts sufficient to constitute a cause of action is never waived and that want of jurisdiction in the trial court may be raised for the first time in the appellate court.

Perry v. Snyder, 75 Okla. 24, 181 P. 147, is cited, wherein it is held "an objection that a petition does not state a cause of action may be urged for the first time on appeal."

The general rule is that, in order to state a cause of action on a fire insurance policy, it is necessary to allege the value of the property at the time of the fire. But other allegations equivalent thereto are sufficient as against a general demurrer.

In this case the petition was sufficient as against a general demurrer. Allegations to the effect that defendant had admitted liability to the full amount of the policy and had agreed to pay plaintiff the full amount thereof were equivalent allegations of admission of value to the extent of the policy.

At the trial plaintiff introduced evidence tending to show the adjuster for the insurance company had taken an inventory of all

the personal property aside from the building and himself placed a value thereon of $774.50, and had calculated a deduction of one-fourth thereof, placing the three fourths value thereof at $580.88, and placed a value on the building, with a 20 per cent. deduction of $522.42, three-fourths of which would be $391.83. This was sufficient evidence of value of the property to support the judgment of $750.

This we think disposes of all the questions necessary to consider under the pleadings and evidence. The answer did allege that the policy contained the clause quoted as to ownership of the property and ground upon which the building was located.

Defendant produced and introduced a copy of the policy, and we do not find the clause mentioned to be contained in the policy.

Plaintiff proved that the policy was issued to her, and that she paid the premium, and that the property was destroyed by fire during the term of the policy. There can be no doubt as to her ownership of the personal property and her right to recover therefor.

It is no concern of the insurance company where she obtained the money with which to pay the premium.

The only claim of defendant Atterberry was that funds belonging to the estate of J. M. Hollingsworth, deceased, were used to pay the premium on the policy, and that he, as administrator, was entitled to the money tendered by the insurance company as return of the premium.

Unless the contention of the insurance company is upheld, no part of the premium paid should be returned.

There being no substantial error in the record, the judgment is affirmed.

McNEILL, C. J., and PHELPS, CORN, and GIBSON, JJ., concur.