## CITY OF ALTUS v. TINSLEY.

No. 28929.   Oct. 31, 1939.

L. A. Pelley, City Atty., of Altus, for plaintiff in error.

L. B. Yates, of Altus, for defendant in error.

GIBSON, J. The city of Altus, Okla., appeals from a judgment against it for damages caused by obnoxious odors arising from the sewage disposal operations of that city.

The parties are referred to as they appeared in the trial court.

The charged error in overruling defendant's demurrer to plaintiff's petition was not presented to the trial court by its motion for new trial, and is deemed waived and cannot be now considered. Belcher v. Spohn, 170 Okla. 139, 39 P.2d 87; Aultman & Taylor Machinery Co. v. Fuss, Adm'r, 86 Okla. 168, 207 P. 308.

We are unable to agree with defendant's interpretation of an instruction that plaintiff was thereby permitted to recover for direct personal injuries suffered by his family, and are of the opinion that it merely permitted recovery to plaintiff for damages suffered by him because of discomforts undergone by his family. This instruction is, in respects here considered, substantially similar to an instruction considered in Oklahoma City v. Eylar, 177 Okla. 616, 61 P.2d 649, wherein we held that the owner of a residence rendered inconvenient and uncomfortable as a home by fumes thrown upon it may recover for. the damages he himself suffers from the discomfort inflicted upon his family.

The jury was instructed it might find for plaintiff for such damage as the evidence shows he had sustained, not exceeding the amount sought and sustained during the two-year period involved. Defendant charges the instruction to be erroneous as failing to advise the jury that if they found by a preponderance of the evidence that plaintiff had suffered injury thereby, they should find for plaintiff in such sum as the evidence shows would reasonably compensate him for such injury. The instruction did advise the jury that unless they found for the plaintiff by a fair preponderance of the testimony, their verdict should be for the defendant. In the Eylar Case, supra, it was contended there was no precise rule or yardstick by which damages for personal annoyance, inconvenience, and discomfort may be measured. After pointing out that neither damages for physical pain and suffering or mental anguish, or for libel and slander, can be definitely and arithmetically measured, we there held that the extent of the damage such as here also complained of may be measured by the jury without evidence of specific pecuniary value. The amount of the verdict is not claimed excessive. Defendant requested no instruction relating to the measure of damages. We find no error in the instructions.

Defendant's contention that its demurrer to plaintiff's evidence should have been sustained is based upon defendant's prior contention that plaintiff's petition failed to state a cause of action, and that plaintiff's evidence disclosed that plaintiff sought recovery for himself for injuries sustained in part by his family. These contentions are hereinbefore determined adversely to defendant, and the present contention is therefore not tenable. The record contains ample competent evidence to support the verdict and judgment.

Defendant complains of the admission of certain evidence relating to elements or factors contributing to the annoyance of which plaintiff complained. There was no error in its admission.

The judgment is affirmed.

BAYLESS, C. J., and RILEY, OSBORN, and DANNER, JJ., concur.