## STEBBINS et al. v. EDWARDS.

No. 12911—Opinion Filed Feb. 19, 1924.

Rehearing Denied April 1, 1924.

(Syllabus.)

1. **Torts—Malicious Interference with Business.**

A person has a right to carry on and prosecute a lawful business in which he is engaged without unlawful molestation or interference from any person, and any malicious interference with such business is an unlawful act and an actionable wrong.

2. **Same—Petition—Duplicity.**

The basis of such an action is the fraudulent and malicious acts of the defendants in interfering with plaintiff's business, and the statements of the means used to effect this purpose all combine to produce a single cause of action, and are not objectionable for duplicity.

Error from District Court, Tulsa County; W. B. Williams, Judge.

Action by Oscar W. Edwards against Grant C. Stebbins and others. Judgment for plaintiff, and defendants bring error. Affirmed.

Biddison & Campbell, for plaintiffs in error.

West, Sherman, Davidson & Moore, for defendant in error.

COCHRAN, J. This is an appeal from an order of the district court of Tulsa county, Okla., overruling joint and several demurrers of the plaintiffs in error, defendants below, to the amended petition of the defendant in error, plaintiff below. The amended petition alleged, in substance, that the plaintiff had been engaged in the real estate business in Tulsa, and in taking, selling, trading, and dealing in oil and gas mining leases both as a broker and agent for others, and on his own account; that, among other things, he had taken a 99-year lease contract on certain property in Tulsa from the defendants, and was engaged in the erection of a building thereon, when the defendants entered into an unlawful confederation and conspiracy to bring him and his business into such bad repute as to destroy his credit, and prevent him from completing the improvements, and make it impossible for him to longer do business in the city of Tulsa, and drive him out of business in Tulsa; and that in furtherance of this scheme the defendants had falsely and maliciously circulated reports that he was unreliable and untrustworthy in his business dealings, and that he had been engaged in defrauding persons in various parts of the country; that they had been compelled to change the name of the building because it could never be a success as the Edwards Building, on account of the bad standing and reputation of the plaintiff; that plaintiff's past record was very bad; that he had a very bad reputation in the community; that he bore a bad reputation for crookedness and that he was unreliable and untrustworthy in his business dealings; also that they had advised materialmen to file claims on the building against the plaintiff and that these defendants stated to the holders of such claims that they proposed to have the property sold through the courts and buy it in and construct the improvements themselves; and that the suits which Edwards had brought against them, in which he was contending for his rights in the premises, were really a bluff, and were not brought in good faith, or with any hope on his part of succeeding therein; that they published in the Tulsa World and by posted notices that plaintiff no longer had any interest in the building; and that all these statements were false and were fraudently made for the purpose of ruining plaintiff's business, and of making it impossible for him to continue in business in Tulsa, and that plantiff had previously been making out of his business approximately $100,000 a year, and that by reason of the matters and things complained of in the petition constituting the conspiracy so entered into by the defendants, and their acts in pursuance thereof, his real estate business and his credit were almost wholly destroyed and his busi-

ness had been injured, and that he had been damaged therein in the amount of $150,000, for which he prayed a judgment against the defendants as his damages.

The defendants present the case to this court on the theory that the petition sought to allege a cause of action for slander, and that the allegations thereof are insufficient to constitute such cause of action, and that the petition contains a misjoinder of a cause of action for slander of the plaintiff individually and slander of title. It is our opinion that counsel for the defendants are in error in assuming that the action is one to recover for slander. While the petition contains allegations of alleged defamatory statements in connection with the plaintiff and his business, the gist of the action as set out in this petition is for the recovery of damages alleged to have been sustained by reason of the unlawful act of the defendants in injuring the business of the plaintiff by false and malicious statements and representations, and malicious acts performed by the defendants with the intention of ruining the plaintiff's business. As we view the case, the gravamen of the action is not the slander of the plaintiff, the slander of title or the conspiracy alleged to have existed between the defendants, but the wrongful acts of the defendants in bringing the ruin of the legitimate business of the plaintiff. Section 5969. Comp. Stat. 1921, provides:

"Any person who suffers detriment from the unlawful act or omission of another, may recover from the person in fault a compensation therefor in money, which is called damages."

If an injury sustained by a person's business by means of false and malicious statements and representations made by the defendants for the purpose and with the intention of destroying such persons established business is an unlawful act within the meaning of section 5969, supra, the petition in the instant case states a good cause of action. The plaintiff had a right to carry on and prosecute the business in which he was engaged without unlawful molestation or interference from any person, and while, in business competition, a person must necessarily suffer considerable interference in the operation of his business, which cannot be considered unlawful or actionable, it has been held by most courts that a malicious interference with the right to carry on a legitimate business is an actionable wrong. In Moran v. Dunphy (Mass.) 59 N. E. 125, 52 L. R. A. 115, the court said:

"We comprehend that there no longer is any difficulty in recognizing that a right to be protected from malicious interference may be incident to a right arising out of a contract, although a contract as far as performance is concerned, imposes a duty only on the promisor. Again, in the case of a contract of employment, even when the employment is at will, the fact that the employer is free from liability for discharging the plaintiff does not carry with it immunity to the defendant who has controlled the employer's action to the plaintiff's harm."

In Kiebelt v. Keckergill, 11 East, 574, it is said:

"Where a violent or malicious act is done to a man's occupation, profession or way of getting a livelihood, there an action lies in all cases."

In Chipley v. Atkinson (Fla.) 1 South. 934, it is said:

"An employe may maintain an action for damages against a third party maliciously procuring an employer to discharge him from employment under a legal contract for a certain period pending such period, provided damages result to the employe from his discharge; and under the same circumstances the action may be maintained, though the employment is not for a fixed period, though no contract exists between the master and the servant and no legal right as between them has been violated, still the servant may maintain an action for damages against the third person who has maliciously procured his discharge."

In Doremus et al. v. Hennessey (Ill.) 52 N. E. 924, 42 L. R. A. 747, it is said:

"The common law seeks to protect every person against the wrongful acts of others, whether committed alone or by combination, and an action may be had for injuries done which cause another loss in the enjoyment of any right or privilege or property * * * Losses willfully caused by another, from motives of malice, to one who seeks to exercise and enjoy the fruits and advantages of his own enterprise, industry, skill, and credit, will sustain an action. It is clear that it is unlawful and actionable for one man, from unlawful motives, to interfere with another's trade by fraud or misrepresentation, or by molesting his customers, or those who would be customers, or by preventing others from working for him, or causing them to leave his employ, by fraud or misrepresentation, or physical or moral intimidation, or persuasion, with an intent to inflict an injury which causes loss."

In Van Horn v Van Horn (N. J. L.) 20 Atl. 485, the court said:

"It is not necessary to consider the office of the ancient writ of conspiracy and the process by which, in time, it was superseded by the later and more efficacious action on the case of conspiracy, and the still more modern action for malicious prosecution.

Nor will it now be advantageous to show how long and difficult it was to separate the idea of a criminal conspiracy at common law, where the agreement of conspiracy was the gravamen of the offense, from the real complaint in a civil action, that the combination of two or more persons has enabled them to inflict a great wrong on the plaintiff. The combination or conspiracy in the latter case was therefore a matter of aggravation or inducement only, of which one or all might be found guilty, while in the former, it was essential to show that two or more had joined in an agreement to do an unlawful act, or to do a lawful act in an unlawful manner. The distinction is now well settled that in civil actions the conspiracy is not the gravaman of the charge, but may be both plead and proved as aggravating the wrong of which the plaintiff complains, and enabling him to recover against all as joint tort-feasors. * * * The difference between this action and slander is well stated in Riding v. Smith, 1 Exch. [Div. 91, where a slander against the wife was charged as having injured the husband's business. Her name was stricken from the record as a joint plaintiff, and the action was allowed to proceed by the husband, as a trader carrying on business, founded on an act done by the defendant which led to the loss of trade and custom by the plaintiff. It was maintainable on the ground that the injury to the plaintiff's business was the natural consequence of words spoken, which would prevent persons resorting to the plaintiff's store. * * * The basis of action seems here to be, as stated in the declaration, the fraudulent and malicious acts of the defendants in driving the plaintiff, Emma D. Van Horn, out of her business; the statements of the means used to effect this purpose all combine to produce a single cause of action, and are not objectionable for duplicity."

In Brown et al. v. American Freehold Land Mortgage Co. of London (Tex.) 82 S. W. 1056, it was said:

"The various acts which are charged in the petition—for instance, the representation that plaintiffs were dishonest and unreliable, and that they were bankrupt and insolvent—were simply allegations showing the methods by which the defendants accomplished the purpose of destroying their business. It was not sought to recover upon the allegations constituting libel and slander, but the facts stated were the evidence by which the cause of action would be established."

In Smith v. Nippeort (Wis.) 20 Am. St. Rep. 26, it was said:

"This is not an action for mere conspiracy where nothing has been done to accomplish the unlawful purpose: but the facts show that the defendants have proceeded to action, which, it is alleged, greatly injured the plaintiff in her reputation and business, and brought her into public disgrace. Damage to the plaintiff, for the wrong, is the ground of the action."

A full discussion of the principle of law here involved may be found in Schonwald v. Ragains, 32 Okla. 223, 122 Pac. 203, where the malicious and wrongful statements and representations made by a business competitor for the purpose of injuring another in his trade were held to be actionable, and in the opinion the court uses the following language:

"To our minds no possible doubt exists but that the common law has been, and is now, sufficiently comprehensive to furnish a full and complete remedy for the wrong complained of in the petition in the case at bar. So, also, is it our belief that the common law in these later days with the ever-increasing demands made upon it for protection to the individual by reason of our material developments along industrial and economic lines is sufficiently broad and comprehensive to relieve against such unfair and oppressive acts as those charged in the petition, and its applicability cannot be doubted."

It is our opinion, therefore, that the amended petition of the plaintiff stated facts constituting unlawful acts on the part of the defendants to the detriment of the plaintiff, and the demurrer was properly overruled.

The second proposition of plaintiffs in error, that there was a misjoinder of causes of action in the petition, is effectively disposed of by the foregoing authorities. The suit was not a slander suit, nor a suit upon numerous causes of action, but was a single cause of action for damages inflicted upon the plaintiff by the defendant's wrongful and unlawful acts in destroying the plaintiff's business. The judgment of the trial court is affirmed.

JOHNSON, C. J., and NICHOLSON, MASON, and LYDICK, JJ., concur.