### NATIONAL LIFE & ACCIDENT INS. CO. et al. v. WALLACE.

No. 21404. Opinion Filed March 7, 1933.

Rehearing Denied March 28, 1933.

Cochran & Noble and West, Gibson, Sherman, Davidson & Hull, for plaintiffs in error.

J. H. Stephens and A. L. J. Meriwether, for defendant in error.

BAYLESS, J. A. L. Wallace, a physician of Okmulgee, Okla., instituted an action in the district court of Okmulgee county, Okla., against the National Life & Accident Insurance Company, a corporation, and V. H. Orr and E. W. Orr, agents of the said company. The parties will be referred to as they appeared in the trial court. In the course of the trial the evidence substantially follows the allegations contained in the pleadings.

The evidence of the plaintiff established his profession, his standing and reputation as a physician and the extent of his practice; his knowledge of the defendant company and its agents; his learning of the agents of the company advising its policyholders, some of whom were his patients and some of whom were prospective patients, that he was unsatisfactory to the company and it would not pay claims based upon his certificates; and the loss of patients and prospective patients and the reduction of his income. The evidence of the defendant established the nature and character of its business; shows that it instructed its agent to advise its policyholders the plaintiff was unsatisfactory to it as a certifying physician and it would not pay claims approved by him as the attending physician; sets out an accumulation of instances connected with claims certified to by the plaintiff over a period of three or four years, upon which it based its decision that the plaintiff was unsatisfactory to it as a certifying physician; introduced the standard form of policy of insurance, which contains, among others, the following proviso:

"3. The insured shall not be entitled to any benefits for sickness or accident under this policy unless a certificate on the Company's form by a regular licensed and practicing physician who is satisfactory to the Company * * *"

—and denied the conspiracy or any malice, ill-will or desire to injure the plaintiff, but asserted only a desire to protect itself. The plaintiff in rebuttal denied specifically any

wrongdoing in connection with the instances recited by the company as causing it to believe him to be unsatisfactory, and denied generally all other matters.

The case was tried to the court without a jury, and at the conclusion of the trial the court prefaced its judgment by an informal statement, which, in substance, is as follows: There is no substantial conflict in the evidence; there was no conspiracy on the part of the defendants; there was no ill-will or spite on their part, but only a desire to better its business by paying claims based upon reports of physicians other than plaintiff; and that the company felt it had a legal right under the terms of the policy and the reasons given by it regarding the conduct of the plaintiff to declare to its agents and policyholders that the plaintiff was unsatisfactory to it as a certifying physician. The trial court further stated that the company was mistaken both in its opinion as to its rights under the policy and as to the evidence of untrue and unreliable certificates of claim executed by the plaintiff. The trial court held that the conduct of the defendants was indiscreet and thoughtless of the possible effect of its conduct on the plaintiff's business, that the plaintiff had been damaged and should have judgment in the sum of $500.

The defendants have treated this action in their brief as an action for slander and argue at length that the allegations of the petition and the evidence in support thereof are not sufficient to make out an action in slander. The plaintiff contends that it is not an action for slander, but is an action sounding in tort, and with this contention we agree. This court in the case of Stebbins et al. v. Edwards, 101 Okla. 188, 224 P. 714, held:

"It is our opinion that counsel for the defendants are in error in assuming that the action is one to recover for slander. While the petition contains allegations of alleged defamatory statements in connection with the defendant and his business, the gist of the action as set out in this petition is for the recovery of damages alleged to have been sustained by reason of the unlawful act of the defendants in injuring the business of the plaintiff.* * *"

It will be noted that when both sides rested, the trial court made the following statement:

"I do not believe the insurance company could demand, as a condition of the policy thereof, that proofs of loss or liability be filled out by any particular physician, regardless of any condition or provision to the contrary in the policy. It could only demand satisfactory proof of the loss or liability. Nothing in the policy, a copy of which is in evidence, states how such satisfaction is to be determined. * * * I can see no legal justification under the evidence in this record for the defendants' attack upon the plaintiff's professional ability and integrity, or either of them. * * * They probably felt in their own minds that they were fully justified and within their rights, though competent evidence before the court does not sustain them. One should have more than a mere suspicion. Their actions seem to be more indiscreet than malice, and especially is this true of the defendants, the Orrs, who were merely carrying out the instructions from their principal, the insurance company, and merely repeating what the company had communicated to them."

From the foregoing findings, we are of the opinion that the trial court erred: First, when he held that the provision in the policy permitting the company to require a practicing physician satisfactory to them was unreasonable and unenforceable. We hold that the insurance company could make such a contractual proviso, and in this we find support in the case of Peek v. Northern Pac. Ry. Co., 51 Mont. 295, 152 P. 421, wherein it is said in the body of the opinion:

"That the beneficial association could, under proper circumstances, have lawfully signified to its members by any proper means its indisposition to have any dealings whatever with Dr. Peek, is, we think, beyond dispute."

Second, we also believe that the trial court committed error in holding the insurance company liable in view of its findings to the effect that the said company relied upon its authority to enforce the provision, and acted in good faith, and was acting for its own benefit and not for the primary purpose of injurying the plaintiff in refusing to accept his certificates of illness. In our opinion this court has previously passed upon this question in the case of Schonwald et al. v. Ragains, 32 Okla. 223, 122 P. 203, wherein the court lays down the following rule:

"It is not unlawful for one, by fair means and lawful argument or persuasion, to interfere with the contractual relations of another, and without doubt one person has the legal right to persuade another * * * to quit trading with another, provided always such persuasion and argument is fair, * * * and is made with the honest intent and purpose of fairly bettering one's own business, trade, or employment, and not for the primary object of wrongfully destroying honest competition, or wrongfully injuring one's competitor."

Also in the case of C., R. I. & P. Ry. Co.

176

v. Armstrong, 30 Okla. 134, 120 P. 952, this court has also held, in effect, that a railway company has a right to interfere with another person's contractual relationships, provided it can show justification therefor.

We think the rule governing the relations of these parties is that stated in Knapp v. Penfield et al., 143 Misc. Rep. 132, 256 N. Y. S. 41, at page 44, when it is said:

"It would seem under the circumstances that such defendants were acting within their own rights, and did not wrongfully cause an injury to plaintiff. Procuring the breach of a contract in the exercise of an equal or superior right is acting with just cause or excuse, and is justification for what would otherwise be an actionable wrong. A party to a contract ordinarily has the right to perform and to have same performed without interference by a nonparty or stranger. Such interference, unless privileged, justified or excusable, is an actionable wrong arising out of the invasion of the party's right to freedom from interference with the contract and performance thereunder. Persons acting for the protection of contract rights of their own which are of an equal or superior interest to another's contractual rights may invade the latter with impunity."

Therefore, considering the record before us and the cases above cited, for the reasons above stated, we are of the opinion that defendants were justified in advising the policyholders that it would no longer accept certificates from the plaintiff. We hold that defendants' fourth assignment of error, to wit:

"4. The judgment and decision of said court is contrary to law and is not supported by the law"

—is well taken, and the judgment of the trial court is reversed and the cause is remanded to the trial court for further proceedings in keeping with the views expressed herein.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BUSBY, and WELCH, JJ., concur.