MURPHY *v.* NATIONAL LIFE & ACCIDENT INS. CO.

(*Nashville,* December Term, 1939.)

Opinion filed May 18, 1940.

RICHARD MARSHALL and NEILL S. BROWN, both of Nashville, for plaintiff.

WM. C. SUGG, of Nashville, for defendant.

MR. JUSTICE DeHAVEN delivered the opinion of the Court.

Defendant in error, on April 20, 1931, issued its policy of insurance to plaintiff in error and agreed therein, among other things, to pay her a weekly allowance of five dollars for disability resulting from illness or accident. While the policy was in full force, the insured became disabled by sickness, beginning on October 5, 1937, and remained disabled for the period of six weeks.

The following provision is contained in the policy: "The insured shall not be entitled to any benefits for sickness or accident under this Policy unless a certificate on the Company's form by a regular licensed and practicing physician *who is satisfactory to the Company,* showing the nature of the sickness or injury, shall first be furnished the company or its authorized agent; and if the sickness or accidental disability of the Insured shall continue for more than one week a like certificate must likewise be furnished at the beginning of each week of sickness or accidental disability. . . . The Company shall have the right at its option to make such investigation into matters upon which any claim may be based or the subject thereof as it may deem necessary in order to determine its liability hereunder. . . ." (Italics ours.)

The insured furnished the required certificate, on the company's forms, through her physician, Dr. F. McClinton, but her claim was rejected on the ground that Dr.

McClinton was not satisfactory to the company. The company accepted the first certificate, but stated to the insured that it would accept no other or further certificates of Dr. McClinton as proof of disability. The company did not advise the insured why Dr. McClinton was not satisfactory to it, nor did the insured inquire of the company its reasons for rejecting certificates furnished by this physician. The company not having specified any reasons why it held Dr. McClinton unsatisfactory as a certifying physician, the court is left completely in the dark on the question of whether its position was arbitrary and captious, or had some reasonable basis on which to rest.

It is shown by the stipulation that Dr. McClinton is a negro and a regularly licensed and practicing physician in Nashville. Under our statutes (Code, section 6918 et seq.), the practice of medicine and surgery is drastically regulated. Among other provisions, it is required that an applicant for license to practice must show to the Board of Medical Examiners, ''by satisfactory proof,'' that he is ''of good moral character.'' It is further provided that if the applicant for examination shall be found ''worthy and competent by the board,'' it shall issue to him a certificate of permanent license to practice medicine and surgery. Also, under the statutes, the Board is given the power to revoke any license upon the ground that it was procured by fraud or that the licensee ''has been guilty of unprofessional or dishonorable conduct,'' which conduct is defined under eleven numbered paragraphs, one of them being: ''(8) The practice of making or signing in his professional capacity of any certificate that is known to be false by the licensed physician at the time he makes or signs such certificate.''

██ ██ The stipulation that Dr. McClinton is a duly

licensed and practicing physician established, *prima facie,* that he was worthy and had not been guilty of any unprofessional or dishonorable conduct in his professional capacity. The company did not undertake to rebut this *prima facie* showing by proof of fact from which it could be reasonably concluded that a basis existed for the company's holding that Dr. McClinton was unsatisfactory as a certifying physician.

While the policy requirement that the certifying physician be one satisfactory to the company may be considered valid, nevertheless it does not follow that the company can act arbitrarily in determining its satisfaction or dissatisfaction with a physician. *National Life & Accident Ins. Co.* v. *Wallace,* 162 Okl., 174, 21 P. (2d), 492. If there existed any basis in fact for the company's conclusion that Dr. McClinton was unsatisfactory, such facts were within the peculiar knowledge of the company and it was bound to disclose the same; or else, in the absence of such showing, be considered as having acted arbitrarily in refusing to accept certificates furnished by him.

Our conclusion is that the trial court erred in giving judgment in favor of the defendant company. Such judgment is accordingly reversed and the cause remanded for a new trial. Defendant will pay the costs of the appeal.