Murphy *v.* National Life & Accident Ins. Co.

(*Nashville*, December Term 1940.)

Opinion filed May 17, 1941.

450

RICHARD MARSHALL and NEILL S. BROWN, both of Nashville, for plaintiff.

WM. C. SUGG, of Nashville, for defendant.

MR. SPECIAL JUDGE FRANK T. FANCHER delivered the opinion of the Court.

This action is to recover on a policy of insurance issued to plaintiff in error, providing for weekly benefits for disability resulting from sickness or accident.

The case was before this court at the last term and was remanded for a new trial. The opinion on that hearing is reported in 176 Tenn., 202, 140 S. W. (2d), 156. It was held that although a provision in the insurance policy requiring proofs of illness to be submitted to insurer by physician satisfactory to it is valid, insurer cannot act arbitrarily in determining its satisfaction or dissatisfaction with a physician. On that hearing it appeared that proofs had been submitted signed by Dr. McClinton but the claim of plaintiff in error had been rejected by the company on the ground that Dr. McClinton was not satisfactory to the company.

It appeared that the doctor was a duly licensed and practicing physician and this, it was held, established *prima facie* that such person was worthy, and that in the absence of any showing as to why such physician was unsatisfactory to insurer, it would be considered that insurer acted arbitrarily in refusing to accept proofs furnished by such physician. The company had not undertaken to rebut this *prima facie* showing by proof of fact reasonably indicating that Dr. McClinton was in fact an unsatisfactory certifying physician.

On this second trial stipulation of facts was filed show-

ing the testimony in another suit against defendant in which Dr. McClinton had been the attending physician. His testimony is set out with other witnesses from which it now appears that there was reasonable basis for his rejection as a certifying physician. Without going so far as to hold that Dr. McClinton purposely concealed a tubercular condition of his patient at the time a policy was issued to her, it does clearly appear that Jessie Talley, the insured in that case, was suffering from tuberculosis and was not in sound health. In filling out the death certificate and the attending physician's certificate on the company's form, Dr. McClinton did not mention the tuberculosis, but stated that she died from lobar pneumonia and acute bronchitis. In point of fact, Dr. McClinton had made application for the patient to enter the Davidson County Tuberculosis Hospital, had found from tests that she probably suffered from tuberculosis and had put her to bed and treated her for that malady. There was other proof indicating that the patient had tuberculosis.

From this showing by defendant it now appears that there was reasonable basis in this case for rejection by the company of proofs of injury certified by Dr. McClinton.

Upon the hearing on remand, Judge Dews sitting without the intervention of a jury, found that the grounds given by defendant for saying the physician was not satisfactory to it, contained in the supplemental agreed stipulation of facts, were reasonable and not arbitrary. Upon this finding the trial judge entered judgment in favor of defendant and dismissed plaintiff's suit.

On this present appeal a further insistence is made. It is now said that the action of the company is still arbitrary in rejecting the physician's certificate

without making any effort at that time to ascertain the truth or falsity of the statements of Dr. McClinton showing plaintiff's injury; that the company should have investigated to find out whether plaintiff in error was disabled within the terms of the policy, and not merely advise plaintiff in error that her physician was unsatisfactory, without giving her its reason for the rejection. It is argued that it is a hardship to compel plaintiff in error to employ another physician; that if it is necessary to advise the court as to why the physician is unsatisfactory so the court can judge the matter, it should be equally required that plaintiff in error should have the same right, so as to judge for herself whether defendant in error was acting arbitrarily.

It is argued that plaintiff in error should not be left to speculate as to what reason there might be for the objection to her own physician; that she was entitled to know at the beginning whether the objection was arbitrary or whether she would be forced to employ another, instead of her own physician at her peril.

It is argued that reasonable men might differ as to what would be an arbitrary refusal to accept the certificate of a physician and that plaintiff in error could not decide whether her physician was reasonably satisfactory without her first knowing the nature of the objection to him.

It is also argued that now, over two years after the injury, it is too late for plaintiff in error to employ another physician and comply with the requirement and that until the reason was disclosed at the trial she was not informed so she could intelligently act.

Attention is also directed to a provision on the policy advising the insured to rely on the goodness of the company in looking after her interests. It is as follows:

"Notice to policy holders . . . if claims arise, claimant should personally call at District Office through which premiums have been paid. Do not employ undertaker or anybody else to collect. Pay neither doctor, undertaker nor agent for preparation of claim papers. Deliver the policy only to the Company's representative. The Company is glad to pay and there is no necessity for help or alleged influence in collecting."

It is insisted that this is an invitation to trust to the good graces of the company that it will advise the insured as to her best interest; that it invites a relationship of helpfulness.

This present insistence is an appealing one and there is much force in it, had plaintiff made that request or demand when her physician was rejected. But there is no evidence that plaintiff sought to know the grounds of the refusal. She rather took an arbitrary position herself. Instead of inquiring and seeking to know whether the rejection was reasonably exercised, her attorneys took the position that the stipulation giving the right of objection was invalid, and suit was brought to collect. We think plaintiff was entitled to know the grounds of objection to her physician's certificate and had she made any effort to find out instead of arbitrarily resisting the reasonable exercise of the rejection, we would most readily recognize the appeal now made.

But, there is nothing to indicate that plaintiff sought to know the grounds of the refusal. Her attorneys flew into the teeth of a valid stipulation by instituting suit without showing any desire to comply with the contract giving the right to reject.

There is nothing in the contract of insurance that required the insurer to voluntarily state its grounds of refusal. The implied agreement that its grounds of

refusal must be reasonable and not arbitrary did not go to the extent of volunteering to reveal the exact nature of the objection, unless that was desired or called for. Reasonable persons do not like to prefer charges or provoke offense unnecessarily.

For the reasons stated, the assignments of error raising the foregoing question are not well taken, and the judgment of the trial court must be affirmed.