MAC ADJUSTMENT, INC., Appellee,

v.

**PROPERTY LOSS RESEARCH BUREAU, Appellant.**

No. 49433.

Supreme Court of Oklahoma.

March 20, 1979.

Rehearing Denied June 11, 1979.

Jack N. Shears, Shears & Shears, Ponca City, for appellee.

Alfred B. Knight, Richard D. Wagner, Knight & Wagner, Tulsa, for appellant.

BARNES, Justice:

Mac Adjustment, Inc., Appellee (hereinafter referred to as Mac), for its cause of action against Property Loan Research Bureau (hereinafter referred to as Bureau), alleged that Bureau, through its agents and employees, had tortiously interfered with Mac's business relations, which caused a breach or termination of the business relationship or expectancy, and that it was damaged thereby.

The trial jury returned a $30,000.00 verdict in favor of Mac. Bureau then initiated this appeal, and the Court of Appeals, Division No. 2, affirmed that verdict. Bureau then filed its Petition for Certiorari, which this Court granted.

Bureau contends that Mac did not prove the necessary elements of its cause of action.

The elements of a cause of action for malicious interference with contract or business relations are set out in the cases of *Schonwald v. Ragains, 32 Okl. 22, 122 P. 203 (1912), and Stebbins v. Edwards, 101 Okl. 188, 224 P. 714 (1924).*

■ In order to recover in such an action, a plaintiff must show:

1. That he or she had a business or contractual right that was interfered with.
2. That the interference was malicious and wrongful, and that such interference was neither justified, privileged nor excusable.
3. That damage was proximately sustained as a result of the complained-of interference.

■ After carefully examining the evidence, we find that Mac has completely failed to show that it lost any business as a proximate result of Bureau's actions, and that it failed to show that there was any malicious intent or malice on the part of Bureau. A review of the evidence will graphically illustrate this failure of proof.

Appellee Mac was solely owned by Mr. Jack Gosting and was engaged in the business of adjusting insurance claims. Bureau is an unincorporated association of some one hundred insurance companies, with its principal object being educational service. Its activity with which we are here concerned was an investigative service offered to its member companies to assist them in evaluating the settlements made by their adjustors. Bureau only had authority to make recommendations to their member companies and had no power to direct the members of the association to do anything.

Mac alleged in its petition that Bureau employees made derogatory statements about Mac while engaged in an investigation at the request of one of the member companies, Iowa Mutual Insurance Company, regarding Mac's performance in adjusting storm losses in Kay County, Oklahoma. The statements were alleged to have been made to business clients of Mac and were to the effect that Mac was overpaying storm losses, lacked understanding of the coverages involved, misapplied deductibles, made adjustments in excess of the policy limits, failed to accurately inspect and measure the losses, and made improper adjustments.

The crux of the factual issues involved herein pertains to only two accounts, the Mutual of Iowa Insurance Company account and the Southwest Adjustment account. The evidence plainly shows that all of the other accounts were generally the same before and after the complained of conduct. The Southwest Adjustment account, alone, accounted for 75% or more

of Mac's business while the relationship existed.

It is undisputed that agents of Bureau investigated the adjustments of the Mutual of Iowa claims made by Mac and found them to be questionable. At the conference called to discuss the questioned adjustments, the following named people were present: Mr. Jack Gosting, the president and sole owner of Mac Adjustment, Inc.; Mr. Darrell Hawkins, the general agent for Iowa Mutual Insurance Company for the State of Oklahoma; Wally Hanson, Bureau's investigator; John Thompson, another employee of Bureau; and Mr. Jack N. Shears, who was Mac's attorney.

All the parties agree that a heated exchange took place at this meeting; that Bureau's employees stated what they found on investigation of Mac Adjustment's settlement of Iowa Mutual claims, and Jack Gosting denied that his company's settlement of the claims was in error. Mr. Hawkins, the general agent for Iowa Mutual, was present during this discussion and testified that he was the only one who had the authority to assign Iowa Mutual claims in Oklahoma, or to pick them up, and that he picked them up from Mac after that meeting because of the attitude of Jack Gosting, Mac's owner:

"I would say primarily his attitude, the belligerency. I just didn't see any way that we could continue on it, because he thought he was right on debris removal and made quite an issue of that. I disagreed with him, and I didn't see any sense of having fifty some more problems if we already had twenty-two of them on it. I don't know that there were twenty-two debris removals, so that's when the mind was made up and it was primarily because of his attitude."

Mr. Hawkins answered "No" to the question:

"At that time did Property Loss Research [Bureau] men, Mr. Thompson and Mr. Hanson, make any recommendation to you when you made this decision?"

He said that he solely and only made the decision to take the claims from Appellee and deliver them to General Adjustment Bureau for processing.

Thus we see that the Appellant had no control over the removal of the Iowa Mutual account.

Insofar as the Southwest Adjustment business was concerned, the owner of the Southwest Adjustment, Roger Davis, stated that even though he first learned of the adjustment problems between Iowa Mutual and Appellee from John Wrend, an employee of Bureau, that John Wrend has never said a derogatory thing to him about Jack Gosting. In answer to the question:

". . . did Property Loss Research Bureau have anything to do with your severance of your relationship with Jack Gosting, Mac Adjustment, or have anything to do with your employment of Jerry Lott and setting up a separate office of Southwest Adjustment in Ponca City, Oklahoma?"

Roger Davis answered:

"Jerry Lott was in on the adjustment of some of those losses at Tonkawa and was following what he told me was Jack Gosting's instructions. When I hired Jerry Lott, I did not know, or I did not talk to PLRB [Bureau]. They didn't know it, they don't attempt to run a man's business, and the company that they were in trouble with in Tonkawa over this debris removal was Iowa Mutual, and Jerry Lott is now representing it. So PLRB knew nothing about it. They had nothing to do with it."

It is apparent from the testimony of the persons who made the decisions to take away the Iowa Mutual business and the Southwest Adjustment business that Appellant Bureau had nothing to do with those decisions. Mac thus failed to establish that any damage was proximately caused by the acts of Bureau.

Additionally, the evidence failed to establish that Bureau maliciously or wrongfully interfered with Mac's business. Although the fact that Bureau's report to Iowa Mutual Insurance Company may have caused Iowa Mutual to investigate Mac's handling

of their business, no malicious or wrongful intent was shown. Here, the Bureau was merely performing its investigative service for one of its member companies and would not benefit in any way by the continuance or termination of Mac's accounts. The record is replete with statements from Bureau's business associates that no representative of Bureau ever made a derogatory statement to them about Mac Adjustment or its owner, Jack Gosting.

We therefore find that the Trial Court should have sustained Bureau's motion for a directed verdict, there being no evidence whatsoever to establish a cause of action for wrongful interference with Appellee's business. Accordingly, we vacate the opinion of the Court of Appeals and reverse the judgment of the Trial Court.

OPINION OF THE COURT OF APPEALS VACATED, AND ACTION OF THE TRIAL COURT REVERSED.

LAVENDER, C. J., IRWIN, V. C. J., and WILLIAMS, SIMMS and HARGRAVE, JJ., concur.

OPALA, J., concurs in result.

HODGES and DOOLIN, JJ., dissent.