**NAVISTAR INTERNATIONAL TRANSPORTATION CORPORATION, Navistar Financial Corporation, and H.D. Copeland International Trucks, Inc., Appellants,**

**v.**

**VERNON KLEIN TRUCK & EQUIPMENT, a/k/a Vernon Klein Truck & Tractor; Vernon Klein; Patricia K. Klein; and Thomas D. Klein, Appellees.**

**No. 81840, 81847, 82082, 82238, and 82249.**

Court of Appeals of Oklahoma,
Division No. 3.

Nov. 29, 1994.

Rehearing Denied Jan. 10, 1995.

Certiorari Denied June 10, 1996.

---

444

Clyde A. Muchmore, William B. Rogers, Oklahoma City, and Andrew L. Frey, Marc

Gary, Evan Tager, Washington, D.C., for Appellants.

Gary W. Gardenhire, Stanley M. Ward, Norman, for Appellees.

J. Eric Turner, Robert N. Naifeh, Jr., Oklahoma City, for Amicus Curiae Okla. State Chamber of Commerce & Industry.

Thomas G. Marsh, Tulsa, for Amicus Curiae Oklahoma Automobile Dealers Association.

## *OPINION*

HUNTER, Judge:

Navistar International Transportation Corporation, formerly known as International Harvester, manufactures heavy and medium-duty trucks and bus chassis. Navistar International and its subsidiary financing company, Navistar Financial Corporation, (collectively "Navistar"), on June 14, 1988, gave its dealer Vernon Klein Truck & Equipment, Inc. (VKTE) and the Klein's personally, (collectively "Klein"), 90 days notice to close its dealership. Navistar based its termination of the dealership on its allegation that Klein sold eight school bus chassis and three reconditioned trucks and that Klein had then used the proceeds of the sales for purposes such as paying insurance premiums and country club dues instead of repaying the debt to Navistar. Dealers who do not make the repayments according to the contract term, that is, immediately, are known in the industry as "out of trust" or "proceeds converted."

In August, 1988, Navistar sued Klein to recover judgment on the unpaid obligation and to replevy the remaining Navistar-financed inventory. In September, Klein liquidated its business and repaid the debt to Navistar. Navistar then amended its petition praying for reimbursement for costs in securing repayment. Klein counterclaimed in the lawsuit, alleging restraint of trade, conversion, breach of contract and intentional interference with a business relationship. The case was tried to a jury which returned these verdicts:

—against Navistar on its conversion claim against Klein;

—for Klein on its antitrust counterclaim, but awarded no damages;

—for Klein on its breach of contract counterclaim, awarding $275,000.00 in damages;

—for Klein on its conversion counterclaim, awarding it $17,427.45 in compensatory damages and $1.00 as punitive damages and

—for Klein on its intentional interference with business relationship counterclaim, awarding Klein $10,572,410.00 in compensatory damages and $15,000,000.00 as punitive damages.

The court entered judgment on the verdicts. Navistar filed post-trial motions for judgment notwithstanding the verdict (JNOV), new trial and remittitur. All motions were denied by the trial court.

Appellant H.D. Copeland International Trucks, Inc. dismissed its appeal before briefing.

## *ISSUES*

Navistar contends that it is entitled to judgment, or, in the alternative, a new trial, on the malicious interference with business relations counterclaim, basing its assertion on its allegation that the trial court erred in instructing the jury and that the evidence failed to support the claim. Appellant also seeks an entry of judgment in its favor on the antitrust counterclaim alleging damage is an indispensable element of that cause of action. Navistar raises other propositions of error but our findings in this case make answering those questions unnecessary.

## *STANDARD OF REVIEW*

 It is axiomatic that the reviewing court will not disturb a jury verdict and the judgment based on it where there is any competent evidence "reasonably tending to support the verdict of the jury." *Walker v. St. Louis–San Francisco Railway Co.,* 646 P.2d 593, 597 (Okl.1982). Nor will the appellate court disturb a judgment because of alleged error in instructing the jury "unless the jury is apparently misled thereby to the prejudice of the complaining party." *Eversole v. Oklahoma Hospital Founders Assoc.,* 818 P.2d 456, 458 (Okl.1991). Whether to grant or deny a motion for new trial rests in the trial court's sound discretion but it abuses that discretion if it errs on "some pure,

unmixed question of law." The reviewing court may reverse the order granting or denying the motion. *Bennett v. Hall,* 431 P.2d 339, 340 (Okl.1967) (syllabus by the Court). Upon request of the moving party, the trial court must grant a motion for judgment notwithstanding the verdict if it should have granted a motion for directed verdict at the close of all evidence. 12 O.S.1991 § 698. On review, the court, using the same standard applied to reviews of rulings on demurrers to the evidence, examines the evidence in the light most favorable to the party seeking relief and if any competent evidence or reasonable inference from the evidence tends to establish a cause of action, the motion for directed verdict should have been overruled. *Oklahoma City v. Prieto,* 482 P.2d 919, 922 (Okl.1071).

### *FINDINGS ON REVIEW*

*Interference with Business Relationship*

■ We find the trial court erred in instructing the jury on the law of malicious interference with business relationships. The instruction, by failing to include the element that the business relationship allegedly interfered with had to be between Appellee and some third party, not the business relationship between Appellant and Appellee, allowed the jury to conclude that Navistar's actions in terminating its business relationship with Klein was the same as tortious interference with business relations.[1] Oklahoma has long followed the rule that "it is an actionable tort for one to maliciously interfere with a contract between two parties, and induce one of them to break that contract." *Schonwald v. Ragains,* 32 Okl. 223, 122 P. 203 (1912) (syllabus by the Court), *Niemeyer v. U.S. Fidelity and Guaranty Co.,* 789 P.2d 1318, 1320 (Okl.1990). Unlike breach of contract action, intentional interference with a contract or business relationship, sounding in tort, allows the claimant to seek compensatory and punitive damages. Clearly, the jury was misled to the detriment of Navistar. The error is not corrected by the instructions as a whole.

■ Instead of reversing the judgment and remanding the cause for new trial, however, we are reversing and directing the trial court to enter the judgment notwithstanding the verdict it should have rendered because there was insufficient evidence to support the cause of action even had the jury been well-instructed.

■ The party seeking a remedy in tort against a person for interference with a contract or business relationship that the proponent had with a third person, bears the burden of proving, by a preponderance of the evidence, the following elements:

1. that it had a business or contractual right with which there was interference.

2. that the interference was malicious and wrongful, and that such interference was neither justified, privileged nor excusable and

3. that damage was proximately sustained as a result of the complained-of interference.

*Mac Adjustment, Inc. v. Property Loss Research,* 595 P.2d 427, 428 (Okl.1979); *Morrow Development Corp. v. American Bank & Trust Co.,* 875 P.2d 411, 416 (Okl.1994).

First, it is clear that Appellees misapprehend the elements of the cause because they state in their brief "the jury reasonably concluded NIT not only intentionally terminated VKTE's franchise, but also disseminated false, defamatory information to targeted lenders designed to destroy VKTE's creditworthiness, prevent continued, adequate op-

---

1. Instruction No. 41: The law recognizes the right to transact one's business without unjustified interference. Any malicious interference with such business is an unlawful act and an actionable wrong. In order for Klein Truck to recover on its claim for malicious interference with a business relationship, Klein Truck has the burden to prove each of the following elements by a preponderance of the evidence:

FIRST, that Klein Truck had a business that was interfered with;

SECOND, that Navistar's interference with Klein Truck's business was malicious, and that such interference was neither justified, privileged, nor excusable; and,

THIRD, that Klein Truck was damaged as a direct result of Navistar's interference.

If you find that Klein Truck has proven each of these elements, then your verdict should be in Klein Truck's favor and you should award Klein Truck damages which will reasonably compensate it for all losses proximately caused by the unjustified interference with its business, whether it could have been anticipated or not.

erating credit and thereby destroy the going business." The intentional interference must be directed at the business relationship between Klein and some third party. The only evidence satisfying this requirement dealt with Klein's relationship with its Banker. Klein testified that he talked with the banker about the nature of the problem with Navistar from his perspective before Navistar talked with the banker. Klein prearranged the meeting at the bank. Klein, Navistar and the Bank held a meeting, the main topic of which was whether to approve Klein's application for an operating loan.

█ In order to recover on this theory, the proponent must also prove the second element of the cause, that it, that the interference was malicious and wrongful, and that such interference was neither justified, privileged nor excusable. Although Appellee testified that he pleaded with Navistar not to go to the Bank with the information that Appellee was out of trust, Appellee spoke with the Bank first, giving his side of things and then set up the meeting. "Malice", for the purpose of the second element of this tort, is the "intentional performance of a wrongful act without justification or excuse." *Morrow Development* at 416. There is no showing here of maliciousness nor wrongfulness.

If there was damage to Klein's business relationship with the Bank, it was not proximately caused by improper interference. The third element to this cause requires that the damage sustained was proximately caused by the interference, which must have been malicious and wrongful.

For these reasons, we reverse that part of the judgment which found in favor of Appellee on the cause of action for malicious interference with business relationship, vacate the awards for compensatory and punitive damages based on that cause and direct the trial court to enter judgment on this cause in favor of Appellant.

*Antitrust Claim*

█ The trial court also erred in entering judgment in favor of Appellees on Appellees counterclaim for restraint of trade because our law requires a private party to be injured by the alleged violations in order to sue.[2] The jury found in favor of Appellees but awarded no damages. Damages are an essential element for the private cause of action under this chapter. *Tulsa Ready–Mix Concrete Co. v. McMichael Concrete Co.*, 495 P.2d 1279, 1283 (Okl.1972). Clearly Appellees failed to carry their burden of proof because they failed to prove an essential element of their cause, that is, injury. The court erred in failing to correct this error. It should have entered judgment notwithstanding the verdict on this cause in favor of Appellants. Because the jury found Appellees were not injured, we reverse the trial court's denial of Appellants' motion for judgment notwithstanding the verdict on this cause and remand the matter to the trial court to enter judgment in favor of Navistar on the restraint of trade counterclaim.

Appellants' motion for oral argument is denied.

For these reasons, we reverse the trial court's orders denying judgment notwithstanding the verdict on Appellees' counterclaims for tortious interference with business relationship and restraint of trade and remand the case to the trial court with directions to enter judgment notwithstanding the verdict in favor of Navistar on these two counterclaims. In all other respects, the court's judgment entered on the jury's verdict is unaffected by this order. Appellants' brief raised no issue on the remaining portions of the trial court's judgment which we therefore affirm.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.

GARRETT, V.C.J., and ADAMS, J., concur.

█

2. 79 O.S.1991 § 25, in pertinent part: Any person, firm, corporation or association, who shall be injured in his business or property by any other person, firm, corporation or association, by reason of anything forbidden, or declared to be unlawful by this chapter (trusts and pools), may sue therefor in the courts of this state, and shall recover threefold the damages by him sustained, and the cost of suit, and a reasonable attorney's fee to be fixed by the court. (emphases ours).